IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1)  ROBBIE EMERY BURKE,** | ) | |
| **as the Special Administratrix of Elliott Earl** | ) | |
| **Williams, Deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 11-CV-720-JHP-TLW** |
| | ) | |
| **(1)  STANLEY GLANZ, SHERIFF OF TULSA** | ) | |
| **COUNTY, in His Individual and Official** | ) | |
| **Capacities;** | ) | |
| **(2)  CORRECTIONAL HEALTHCARE** | ) | |
| **MANAGEMENT OF OKLAHOMA, INC.;** | ) | |
| **(3)  CORRECTIONAL HEALTHCARE** | ) | |
| **COMPANIES, Inc.;** | ) | |
| **(4)  CORRECTIONAL HEALTHCARE** | ) | |
| **MANAGEMENT, INC.,** | ) | |
| **(5)  EARNIE CHAPPELL, R.N.;** | ) | |
| **(6)  CARMEN LUCA, LPN;** | ) | |
| **(7)  JULIE HIGHTOWER;** | ) | |
| **(8)  TRACY TOWNSEND;** | ) | |
| **(9)  JACK WELLS;** | ) | |
| **(10) H.D. PITT;** | ) | |
| **(11) LEM MUTII; and** | ) | |
| **(12) DOES I through X,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ANSWER OF DEFENDANT STANLEY GLANZ TO
### PLAINTIFF'S COMPLAINT

Comes Now Defendant, Sheriff Stanley Glanz, both individually and officially ("Glanz"), and for his Answer to Plaintiff's Second Amended Complaint [Dkt. No. 15] alleges and states as follows:

### INTRODUCTORY STATEMENT

1.      Glanz admits that Elliot Earl Williams was found dead at the David L. Moss Criminal Justice Center on October 27, 2011.

1

2.      The statements contained in Paragraph 2 do not pertain to this Defendant and as such, no response to these statements is required of this Defendant.

3.      The statements contained in Paragraph 3 do not pertain to this Defendant and as such, no response to these statements is required of this Defendant.

4.      Glanz admits that Mr. Williams was booked into the David L. Moss Criminal Justice Center on October 22, 2011.  The remaining allegations contained within Paragraph 4 do not pertain to this Defendant and as such, no response to these statements is required of this Defendant.

5.      Glanz denies the conclusory allegations contained in paragraph 5 which are directed at him in either his individual or official capacity.

6.      Glanz denies the conclusory allegations contained in paragraph 5 which are directed at him in either his individual or official capacity.

### JURISDICTION AND VENUE

7.      Glanz admits that the jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343. All other allegations and inferences are specifically denied.

8.      Glanz admits that the jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. All other allegations and inferences are specifically denied.

9.      To the extent the Second Amended Complaint sets forth any viable state law claims, Glanz admits that jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367. All other allegations and inferences are specifically denied.

10.     Glanz admits that all allegations as pled occurred in Tulsa County, Oklahoma and that venue lies with this Court. All other allegations and inferences are specifically denied.

## PARTIES

11.     Glanz does not have sufficient knowledge to admit or deny the Plaintiff's status as Special Administratrix of the Estate of Mr. Williams and therefore denies same.  All other allegations and inferences are specifically denied.

12.     Glanz admits that he is, and was at all times material to this action, the Sheriff of Tulsa County, Oklahoma. As Sheriff of Tulsa County, Glanz is responsible for management of the Tulsa County Jail and the policies used to manage the jail. Glanz admits that he was acting under color of state law at all times material to this action. Further, Glanz admits that he resides in Tulsa County, Oklahoma.  All other factual allegations and inferences contained within the paragraph are denied.

13.     The statements contained in Paragraphs 13-23 of Plaintiff's Second Amended Complaint do not pertain to this Defendant and as such, no response to these statements is required of this Defendant.

## FACTUAL ALLEGATIONS

14.     Glanz incorporates his responses as stated in paragraphs 1-23.

15.     Glanz denies the allegations contained in Paragraph 25 of Plaintiff's Second Amended Complaint.

16.     Glanz is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 26-38 of Plaintiff's Second Amended Complaint, and therefore denies the same.

17.     Glanz admits that Mr. Williams was booked into the David L. Moss Criminal Justice Center on October 22, 2011.  The remaining allegations contained within Paragraph

39 do not pertain to this Defendant and as such, no response to these statements is required of this Defendant.

18.    Glanz denies the allegations contained in Paragraph 40 of Plaintiff's Second Amended Complaint.

19.    Glanz denies the allegations and conclusions contained in Paragraph 41 of Plaintiff's Second Amended Complaint.

20.    Glanz admits that Mr. Williams hit his head on the door to his booking holding cell but denies the remaining allegations in Paragraph 42.

21.    Glanz denies that any of the allegations in Paragraph 43 were "obvious" to the extent any of the listed behaviors or allegations existed on that date and therefore denies the same.

22.    Glanz denies the allegations and conclusions contained in Paragraph 44 of Plaintiff's Second Amended Complaint.

23.    Glanz denies the allegations and conclusions contained in Paragraph 45 of Plaintiff's Second Amended Complaint.

24.    Glanz admits in response to Paragraph 46 that Mr. Williams was showered and cleaned up because he had defecated on himself.  Thereafter, he was moved to a holding cell.   All remaining factual allegations and inferences contained within the paragraph are denied.

25.    Glanz denies the allegations and conclusions contained in Paragraph 47 of Plaintiff's Second Amended Complaint.  The statements by another Defendant contained in Paragraphs 47 of Plaintiff's Second Amended Complaint do not pertain to this Defendant and as such, no response to these statements is required of this Defendant.

26.    The statements contained in Paragraphs 48 of Plaintiff's Second Amended Complaint do not pertain to this Defendant and as such, no response to these statements is required of this Defendant.

27.    Glanz admits in response to Paragraph 49 that Mr. Williams was removed from the shower and placed in a holding cell.  All remaining factual allegations and inferences contained within the paragraph are denied.

28.    Glanz denies the allegations and conclusions contained in Paragraph 50 of Plaintiff's Second Amended Complaint.

29.    Glanz admits in response to Paragraph 51 that Dr. Harnish examined Mr. Williams and thereafter placed him in a cell for monitoring through video surveillance.

30.    Glanz is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 52 of Plaintiff's Second Amended Complaint, and therefore denies the same.

31.    The statements contained in Paragraphs 53 of Plaintiff's Second Amended Complaint do not pertain to this Defendant and as such, no response to these statements is required of this Defendant.

32.    Glanz admits in response to Paragraph 54 that Mr. Williams was discovered in his cell on October 27, 2011 to be unresponsive.  All remaining factual allegations and inferences contained within the paragraph are denied.

33.    The statements contained in Paragraphs 55 of Plaintiff's Second Amended Complaint do not pertain to this Defendant and as such, no response to these statements is required of this Defendant.

34.    Glanz admits in response to Paragraph 56 that Mr. Williams died on October 27, 2011 while at the David L. Moss Justice Center.  All remaining factual allegations and inferences contained within the paragraph are denied.

35.    Glanz denies the allegations and conclusions contained in Paragraph 57 of Plaintiff's Second Amended Complaint.

36.    Glanz denies the allegations and conclusions contained in Paragraph 58 of Plaintiff's Second Amended Complaint.

37.    Glanz denies the allegations and conclusions contained in Paragraph 59 of Plaintiff's Second Amended Complaint.

38.    Glanz admits that the Oklahoma State Department of Health has previously conducted an investigation at the David L. Moss Justice Center and denies all other factual and conclusory allegations contained in Paragraph 59.

39.    Glanz admits that the Oklahoma State Department of Health has previously conducted an investigation at the David L. Moss Justice Center and denies all other factual and conclusory allegations contained in Paragraph 60.

40.    Glanz denies the allegations and conclusions contained in Paragraph 61-65 of Plaintiff's Second Amended Complaint.

## CLAIMS FOR RELIEF

### First Claim for Relief

41.    Glanz re-alleges and incorporates by reference all of his responses to the individual paragraphs as set forth above.

42.    Glanz denies the allegations and conclusions contained in Paragraph 67-71 of Plaintiff's Second Amended Complaint.

43.    Glanz re-alleges and incorporates by reference all of his responses to the individual paragraphs as set forth above.

44.    Glanz denies the allegations and conclusions contained in Paragraph 73-79 of Plaintiff's Second Amended Complaint.

45.    Glanz re-alleges and incorporates by reference all of his responses to the individual paragraphs as set forth above.

46.    The statements contained in Paragraphs 81-91 of Plaintiff's Second Amended Complaint do not pertain to this Defendant and as such, no response to these statements is required of this Defendant.

## Second Claim for Relief

47.    Glanz re-alleges and incorporates by reference all of his responses to the individual paragraphs as set forth above.

48.    The statements contained in Paragraphs 92-97 of Plaintiff's Second Amended Complaint do not pertain to this Defendant and as such, no response to these statements is required of this Defendant.

## <u>PUNITIVE DAMAGES</u>

49.    Glanz re-alleges and incorporates by reference all of his responses to the individual paragraphs as set forth above.

50.    Glanz denies that Plaintiff states a claim for deprivation of the Plaintiff's constitutional rights and therefore no award of actual or exemplary damages may be made.  Glanz denies that his actions, in his individual capacity, were malicious and/or with reckless or callous indifference to Plaintiff's rights. Further, punitive damages cannot be awarded against Glanz in his official capacity.

**AFFIRMATIVE DEFENSES**

1.      Plaintiff fails to identify and state a claim for deprivations of his constitutional rights and therefore fails to state a claim upon which relief can be granted;

2.      Glanz is entitled to qualified immunity for the deprivations of constitutional rights of the Plaintiff alleged herein;

3.      The injuries and damages alleged by the Plaintiff are the result of the actions by others and Glanz is not responsible for those actions by other people.

4.      Any and all damages or injuries alleged by the Plaintiff are the result Plaintiff's own conduct and are, or may be, barred by the doctrine of unclean hands.

5.      Glanz is entitled to Tort Claim Immunity for any state law claims that may be asserted against him within Plaintiff's Complaint;

6.      This Answer is filed prior to completion of discovery and Glanz reserves the right to amend this Answer as necessary, including the addition of affirmative defenses as provided by law or by Order of this Court.

WHEREFORE, having fully answered the Plaintiff's claims against him, Glanz prays that Plaintiff take nothing by way of her Complaint and the Court grant Glanz judgment on the claims and dismiss the Plaintiff's Complaint in its entirety and award him his attorney fees and costs, along with any other just and equitable relief to which he is entitled by law.

Respectfully submitted,
*s/Guy A. Fortney*
Clark O. Brewster, OBA #1114
Guy A. Fortney, OBA #17027
Corbin C. Brewster, OBA #22075
BREWSTER & DE ANGELIS, PLLC
2617 E. 21st Street
Tulsa, OK   74114
Tel: (918) 742-2021
Fax: (918) 742-2197

## CERTIFICATE OF SERVICE

I hereby certify April 30, 2012, I electronically transmitted the foregoing document by email and/or U.S. mail to the following:

Daniel E. Smolen                              danielsmolen@ssrok.com
*Attorney for the Plaintiff*

Donald Eugene Smolen , II                      donaldsmolen@ssrok.com
*Attorney for the Plaintiff*

Lauren Grace Lambright                         laurenlambright@ssrok.com
*Attorney for the Plaintiff*

Miranda Rachelle Russell                       mirandarussell@ssrok.com
*Attorney for the Plaintiff*

Louis Werner Bullock                           lbullock@bullock-blakemore.com
*Attorney for the Plaintiff*

Patricia Whittaker Bullock                     pbullock@bullock-blakemore.com
*Attorney for the Plaintiff*

Robert Murray Blakemore                        bblakemore@bullock-blakemore.com
*Attorney for the Plaintiff*

Gregory J. Denney                              greg@gregdenneylaw.com
*Attorney for Plaintiff*

Steven Holden                                  steveholden@holdenlitigation.com
*Attorney for Defendant*
*Correctional Healthcare Management*

Michael L. Carr                                mikecarr@holdenlitigation.com
*Attorney for Defendant*
*Correctional Healthcare Management*

Jane Cowdery                                   janecowdery@holdenlitigation.com
*Attorney for Defendant*
*Correctional Healthcare Management*


                                               */s/ Guy A. Fortney*
                                               Guy A. Fortney