# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)  ELIA PATRICIA LARA-WILLIAMS, as the surviving spouse of Elliott Williams, deceased,<br><br>               Plaintiff,<br><br>v.<br><br>(1)  STANLEY GLANZ, SHERIFF OF TULSA COUNTY, in his individual and official capacities;<br>(2)  CORRECTIONAL HEALTHCARE MANAGEMENT OF OKLAHOMA, INC.;<br>(3)  CORRECTIONAL HEALTHCARE COMPANIES, INC.;<br>(4)  CORRECTIONAL HEALTHCARE MANAGEMENT, INC.,<br>(5)  EARNIE CHAPPELL, R.N.;<br>(6)  CARMEN LUCA, LPN;<br>(7)  JULIE HIGHTOWER;<br>(8)  TRACY TOWNSEND;<br>(9)  JACK WELLS;<br>(10) H.D. PITT;<br>(11) LEM MUTII; and<br>(12) DOES I through X,<br><br>               Defendants. | Case No. 11-CV-720-JHP-TLW |

## EARNIE CHAPPELL'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT, DKT. 15

Defendant, EARNIE CHAPPELL, by and through her counsel, Holden & Carr, for her Answer to the Plaintiff's Second Amended Complaint and answers and states as follows:

Defendant denies all allegations of Plaintiff's Second Amended Complaint unless specifically admitted herein.

### INTRODUCTORY STATEMENT

1.    Defendant admits that Plaintiff's decedent, Mr. Williams, died on or about October 27, 2011.  Defendant is without knowledge or information as to the veracity of the remaining allegations of Paragraph 1 of Plaintiff's Second Amended Complaint and, as a result, denies same.

2.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 2 of Plaintiff's Second Amended Complaint and, as a result, denies same.

3.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 3 of Plaintiff's Second Amended Complaint and, as a result, denies same.

4.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 4 of Plaintiff's Second Amended Complaint and, as a result, denies same.

5.      Defendant denies the allegations of Paragraph 5 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

6.      Defendant denies the allegations of Paragraph 6 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

## JURISDICTION AND VENUE

7.      Defendant admits that Plaintiff has invoked the jurisdiction of this Court pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  However, Defendant denies that Plaintiff has stated a claim upon which relief may be granted, and Defendant denies the allegations against her.

8.      Defendant admits that Plaintiff has invoked the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, but denies that Plaintiff has stated any claim against this Defendant for which relief may be granted.  Defendant denies the allegations against her.

9.      Defendant admits that Plaintiff has invoked the jurisdiction of this Court pursuant to 28 U.S.C. § 1367, but denies that Plaintiff has stated any claim for which relief may be granted.  Defendant denies the allegations against her.

10.      Defendant admits that venue is proper herein 28 U.S.C. § 1391(b), but denies that Plaintiff has stated any claim upon which relief may be granted. Defendant denies the allegations against her.

## PARTIES

11.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 11 of Plaintiff's Second Amended Complaint and, as a result, denies same.

12.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 12 of Plaintiff's Second Amended Complaint and, as a result, denies same.

13.    Defendant admits that Correctional Healthcare Management of Oklahoma, Inc. (CHMO) was a foreign corporation doing business in Oklahoma prior to December 31, 2011, and that it did provide medical services to inmates at the Tulsa County Jail.  Defendant denies all other allegations of Paragraph 13 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

14.    Defendant admits that Correctional Healthcare Companies, Inc. (CHC) is a foreign corporation which, during relevant time periods of the Plaintiff's Second Amended Complaint, did business within Tulsa County, Oklahoma.    Defendant admits that CHC had an employer/employee relationship with medical personnel, including nurses, providing at least some of the medical and mental health care services at the Tulsa County Jail.  However, Defendant denies all the remaining allegations of Paragraph 14 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

15.     Defendant denies the allegations of Paragraph 15 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

16.     Defendant admits that Defendant Chappell was an employee of CHMO.    Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 16 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

17.     Defendant admits that Defendant Luca was CHMO's employee in October, 2011.    Defendant denies the remaining allegations of Paragraph 17 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

18.     Defendant admits that Julie Hightower was in October, 2011, an employee of CHMO.    Defendant denies the remaining allegations of Paragraph 18 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

19.     Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 19 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

20.     Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 20 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

21.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 21 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

22.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 22 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

23.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 23 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

## FACTUAL ALLEGATIONS

24.    Defendant adopts and incorporates by reference Paragraphs 1 through 23 above as if fully set forth herein.

25.    Defendant denies the allegations of Paragraph 25 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

26.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 26 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

27.     Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 27 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

28.      Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 28 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

29.      Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 29 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

30.      Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 30 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

31.      Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 31 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

32.      Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 32 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

33.      Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 33 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

34.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 34 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

35.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 35 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

36.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 36 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

37.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 37 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

38.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 38 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

39.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 39 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

40.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 40 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

41.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 41 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

42.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 42 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

43.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 43 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

44.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 44 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

45.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 45 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

46.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 46 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

47.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 47 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

48.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 48 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

49.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 49 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

50.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 50 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

51.    Defendant admits the decedent, Mr. Williams, was examined, at least once, on or about October 25, 2011 by Dr. Harnish, and that he was placed on video suicide monitoring.  Defendant denies the remaining allegations of Paragraph 51 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

52.    Defendant denies the allegations of Paragraph 52 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

53.    Defendant admits that Defendant Luca and at least one other nurse were on duty in the medical unit on October 27, 2011. Defendant is without knowledge or information as to the veracity of the remaining allegations of Paragraph 53 of Plaintiff's Second Amended Complaint and, as a result, denies same and demands strict proof thereof.

54.    Defendant admits that Plaintiff's decedent, Mr. Williams, was discovered laying in his cell on October 27, 2011. Defendants Luca and other medical personnel entered Mr. Williams' cell and provided assistance. Defendant denies the remaining allegations of Paragraph 54 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

55.    Defendant denies the allegations of Paragraph 55 of Plaintiff's Second Amended Complaint and demand strict proof thereof.

56.    Defendant admits that Mr. Williams was not resuscitated. Defendant denies that appropriate resuscitation efforts were not provided to Mr. Williams. Defendants are without sufficient information as to the veracity of the remainder of the allegations in Paragraphs 56 of Plaintiff's Second Amended Complaint, and, therefore, must deny same and demand strict proof thereof.

57.     Defendant denies the allegations of Paragraph 57 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

58.     Defendant denies the allegations of Paragraph 58 of Plaintiff's Second Amended Complaint and demand strict proof thereof.

59.     Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 59 regarding statistics and any August, 2009 Oklahoma Department of Health findings, and, as a result, must deny same and demand strict proof thereof.  Defendant denies all remaining allegations of Paragraph 59 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

60.     Defendant is without knowledge or information as to the veracity of the allegations of Paragraph 60 of Plaintiff's Second Amended Complaint, and, as a result, must deny same and demands strict proof thereof.

61.     Defendant denies the allegations of Paragraph 61 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

62.     Defendant denies the allegations of Paragraph 62 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

63.     Defendant denies the allegations of Paragraph 63 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

64.     Defendant denies the allegations of Paragraph 64 of Plaintiff's Second Amended Complaint and demand strict proof thereof.

65.     Defendant denies the allegations of Paragraph 65 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

### CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Cruel and Unusual Punishment in Violation of the Eighth and/or Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983)

**A.     Allegations Applicable to all Defendants**

66.     Defendant adopts and incorporates by reference Paragraphs 1 through 65 above as if fully set forth herein.

67.     Defendant denies the allegations of Paragraph 67 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

68.     Defendant denies the allegations of Paragraph 68 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

69.     Defendant denies the allegations of Paragraph 69 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

70.     Defendant denies the allegations of Paragraph 70 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

71.    Defendant denies the allegations of Paragraph 71 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

**B.    Supervisor Liability (Sheriff Glanz)**

72.    Defendant adopts and incorporates by reference Paragraphs 1 through 71 above as if fully set forth herein.

73.    The Defendant denies the allegations of Paragraph 73 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

74.    The allegations of Paragraph 74 of Plaintiff's Second Amended Complaint and its subparts A-F are not directed at this Defendant.  However, if any of the allegations are directed as this Defendant, Defendant denies all such allegations of Paragraph 74 of Plaintiff's Second Amended Complaint and its subparts A-F, and demands strict proof thereof.

75.    If any of the allegations of Paragraph 75 of Plaintiff's Second Amended Complaint are directed at this Defendant, Defendant denies same and demands strict proof thereof.

76.    If any of the allegations of Paragraph 76 of Plaintiff's Second Amended Complaint are directed at this Defendant, Defendant denies the allegations of Paragraph 76 of Plaintiff's Second Amended Complaint.

77.    If any of the allegations of Paragraph 77 of Plaintiff's Second Amended Complaint are directed at this Defendant, Defendant denies the allegations of Paragraph 77 of Plaintiff's Second Amended Complaint.

78.    If any of the allegations of Paragraph 78 of Plaintiff's Second Amended Complaint are directed at this Defendant, Defendant denies the allegations of Paragraph 78 of Plaintiff's Second Amended Complaint.

79.    If any of the allegations of Paragraph 79 of Plaintiff's Second Amended Complaint are directed at this Defendant, Defendant denies the allegations of Paragraph 79 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

**C.    Municipal Liability (CHMO, CHC and CHM)**

80.    Defendant adopts and incorporates by reference Paragraphs 1 through 79 above as if fully set forth herein.

81.    If any of the allegations of Paragraph 81 of Plaintiff's Second Amended Complaint are directed at this Defendant, Defendant denies same and demands strict proof thereof.

82.    If any of the allegations of Paragraph 82 of Plaintiff's Second Amended Complaint are directed at this Defendant, Defendant denies same and demands strict proof thereof.

83.    If any of the allegations of Paragraph 83 of Plaintiff's Second Amended Complaint are directed at this Defendant, Defendant denies same and demands strict proof thereof.

84.    If any of the allegations of Paragraph 84 of Plaintiff's Second Amended Complaint are directed at this Defendant, Defendant denies same and demands strict proof thereof.

85.    If any of the allegations of Paragraph 85 of Plaintiff's Second Amended Complaint are directed at this Defendant, Defendant denies same and demands strict proof thereof.

86.    If any of the allegations of Paragraph 86 of Plaintiff's Second Amended Complaint are directed at this Defendant, Defendant denies same and demands strict proof thereof.

87.    If any allegations of Paragraph 87 and/or its subparts A-F are directed at this Defendant, Defendant denies same and demands strict proof thereof.

88.    If any of the allegations of Paragraph 88 of Plaintiff's Second Amended Complaint are directed at this Defendant, Defendant denies same and demands strict proof thereof.

89.    If any of the allegations of Paragraph 89 of Plaintiff's Second Amended Complaint are directed at this Defendant, Defendant denies same and demands strict proof thereof.

90.    If any of the allegations of Paragraph 90 of Plaintiff's Second Amended Complaint are directed at this Defendant, Defendant denies same and demands strict proof thereof.

91.    Defendant denies the allegations of Paragraph 91.

SECOND CLAIM FOR RELIEF

**Negligence/Wrongful Death**
**(Defendants CHMO, CHC, CHM, Chappell, Luca, Hightower,**
**Does I through X)**

92.    Defendant adopts and incorporates by reference Paragraphs 1 through 91 above as if fully set forth herein.

93.    As to any part of Paragraph 93 that is directed at this Defendant, Defendant admits that a duty of reasonable care was owed to Mr. Williams and other inmates.  All other allegations of Paragraph 93 are denied.

94.    Defendant denies the allegations of Paragraph 94 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

95.    Defendant denies the allegations of Paragraph 95 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

96.    Defendant denies the allegations of Paragraph 96 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

97.    Defendant denies the allegations of Paragraph 97 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

### PUNITIVE DAMAGES

98.    Defendant adopts and incorporates by reference Paragraphs 1 through 97 above as if fully set forth herein.

99.    Defendant denies the allegations of Paragraph 99 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

100.   Defendant denies the allegations of Paragraph 100 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

101.   Defendant denies the allegations of the "Wherefore" prayer paragraph following Paragraph 100 of Plaintiff's Second Amended Complaint and demands strict proof thereof.  Defendant denies that Plaintiff is entitled to the relief prayed for and prays that judgment be granted for the Defendant and that Defendant be granted all such other relief to which she is entitled.

### AFFIRMATIVE DEFENSES

COMES NOW, Defendant Carmen Luca having answered the Plaintiff's Second Amended Complaint herein, and sets forth the following affirmative defenses:

1.      Plaintiff has failed to state a claim against this Defendant upon which relief can be granted.

2.      This Defendant did not breach any legal duty to Plaintiff.

3.      Decedent's injuries and damages, if any, are the result of pre-existing or other conditions or causes not related to the occurrences alleged in Plaintiff's Second Amended Complaint.

4.      Conditions created by Decedent are the proximate cause of Plaintiff's alleged injuries or damages.

5.      Plaintiff has failed to state a claim for a constitutional violation or negligence.

6.      Plaintiff has failed to state a claim under 42 U.S.C. § 1983.

7.      Plaintiff has failed to set forth any allegations that would create a material issue of fact as to the requisite culpable state of mind of deliberate indifference on behalf of this Defendant, and Defendant is entitled to qualified immunity.

8.      An award of punitive damages against this Defendant would violate its constitutional rights of due process under the Fourteenth Amendment of the U.S. Constitution and the Oklahoma Constitution.

9.      This Defendant did not participate in any violation of Plaintiff's constitutional rights.

10.     Plaintiff has failed to state a sufficient claim for punitive damages, and there is no factual basis for a claim of punitive damages.

11.     Plaintiff has failed to show any actual injury resulting from the alleged constitutional violations.

12.     Plaintiff's damages, if any, are the fault of third parties over whom this Defendant exercises no control and for whose acts or negligence this Defendant is not responsible.

13.     Decedent was contributorily/comparatively negligent to a degree sufficient to bar recovery from this Defendant herein.

14.     Plaintiff has failed to adequately set forth any facts to indicate any standard of care was breached by this Defendant.

15.     Plaintiff failed to mitigate damages.

16.     Plaintiff's damages were caused by an intervening or supervening cause for which this Defendant is not responsible.

17.     Defendant did not create, cause, implement or enforce a policy, custom, or practice that was the moving force behind Plaintiff's alleged injuries.

18.     General Denial.

19.     This Defendant did not cause or contribute to Plaintiff's damages.

20.     At all times this Defendant met or exceeded the acceptable standards

of care.

21.     Negligence is insufficient to state a constitutional claim.

22.     All policies, practices and customs used by this Defendant with regard to Plaintiff and this Complaint are constitutional.

23.     Plaintiff's decedent assume the risk of his own actions.

24.     This Defendant specifically reserves the right to amend this Answer and to raise additional affirmative defenses pending completion of discovery and submission of a Pretrial Order.

WHEREFORE, having fully answered, Defendant Carmen Luca requests the Court dismiss Plaintiff's Second Amended Complaint and grant Defendant its costs, attorney fees, and such other relief as this Court deems proper.

JURY TRIAL DEMANDED.

Respectfully submitted,

HOLDEN & CARR

*s/ Michael L. Carr*
Steven E. Holden, Oba #4289
Michael L. Carr, OBA #17805
15 East 5th Street, Suite 3900
Tulsa, OK 74103
(918) 295-8888; (918) 295-8889 fax
SteveHolden@HoldenLitigation.com
MikeCarr@HoldenLitigation.com
*Attorneys for Defendants,*
*Correctional Healthcare Management of*
*Oklahoma, Inc.; Correctional Healthcare*
*Companies, Inc.; Earnie Chappell, RN; Julie*
*Hightower; Carmen Luca, LPN*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Laura M. Lauth, OBA #22619 – lauralauth@ssrok.com
Daniel Smolen, OBA 19943 – danielsmolen@ssrok.com
Donald E. Smolen, III, OBA #19944 – donaldsmolen@ssrok.com
Louis W. Bullock, OBA #1305 – lbullock@bullock-blakemore.com
Patricia W. Bullock, OBA #9569 – pbullock@bullock-blakemore.com
Robert M. Blakemore, OBA #18656 – bblakemore@bullock-blakemore.com

*s/ Michael L. Carr*
Michael L. Carr

122.042