# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1)  ELIA PATRICIA LARA-WILLIAMS, as
     the surviving spouse of Elliott Williams,
     deceased,

                    Plaintiff,

v.                                                                    Case No. 11-cv-720 JHP TLW

(1)  STANLEY GLANZ, SHERIFF OF
     TULSA COUNTY, in his individual
     and official capacities;
(2)  CORRECTIONAL HEALTHCARE
     MANAGEMENT OF OKLAHOMA,
     INC.;
(3)  CORRECTIONAL HEALTHCARE
     COMPANIES, INC.;
(4)  CORRECTIONAL HEALTHCARE
     MANAGEMENT, INC.,
(5)  EARNIE CHAPPELL, R.N.;
(6)  CARMEN LUCA, LPN;
(7)  JULIE HIGHTOWER;
(8)  TRACY TOWNSEND;
(9)  JACK WELLS;
(10) H.D. PITT;
(11) LEM MUTII; and
(12) DOES I through X,

                    Defendants.

## DEFENDANT CORRECTIONAL HEALTHCARE MANAGEMENT OF OKLAHOMA, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT [DKT. NO. 15]

COMES NOW Defendant CORRECTIONAL HEALTHCARE

MANAGEMENT OF OKLAHOMA, INC., ("CHMO"), by and through its

counsel of record, the law firm Holden & Carr, and for its Answer to Plaintiff's Second Amended Complaint [Dkt. No. 15], alleges and states as follows:

Defendant denies all allegations of Plaintiff's Second Amended Complaint unless specifically admitted herein.

**INTRODUCTORY STATEMENT**

1.    Defendant admits that Plaintiff's decedent, Mr. Williams, died on or about October 27, 2011.  Defendant is without knowledge or information as to the remainder of the allegations of Paragraph No. 1 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

2.    Defendant is without knowledge or information as to the allegations of Paragraph No. 2 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

3.    Defendant is without knowledge or information as to the allegations of Paragraph No. 3 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

4.    Defendant is without knowledge or information as to the allegations of Paragraph No. 4 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

5.      Defendant denies the allegations of Paragraph No. 5 of Plaintiff's Second Complaint and demands strict proof thereof.

6.      Defendant denies the allegations of Paragraph No. 6 of Plaintiff's Second Complaint and demands strict proof thereof.

## JURISDICTION AND VENUE

7.      Defendant admits that Plaintiff has invoked the jurisdiction of this court pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, but denies that Plaintiff has stated a claim upon which relief may be granted.  Defendant denies the allegations against it.

8.      Defendant admits that Plaintiff has invoked the jurisdiction of this court pursuant to 28 U.S.C. § 1331, but denies that Plaintiff has stated any claim for which relief may be granted.  Defendant denies the allegations against it.

9.      Defendant admits that Plaintiff has invoked the jurisdiction of this court pursuant to 28 U.S.C. § 1367, but denies that Plaintiff has stated any claim for which relief may be granted.  Defendant denies the allegations against it.

10.     Defendant admits that venue is proper herein under 28 U.S.C. § 1391(b), but denies that Plaintiff has stated any claim upon which relief may be granted against this Defendant.  Defendant denies the allegations against it.

<u>PARTIES</u>

11.     Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 11 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

12.     Defendant is without knowledge or information as to the allegations of Paragraph No. 12 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

13.     Defendant admits that Correctional Healthcare Management of Oklahoma ("CHMO") was, in October, 2011, doing business in Oklahoma and, during that time period, provided medical services to the inmates at the Tulsa County Jail.  Defendant denies the remaining allegations of Paragraph No. 13 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

14.     Defendant Correctional Healthcare Companies, Inc., ("CHC") admits it is a foreign corporation which, during October, 2011, did business within Tulsa County, Oklahoma, and had that CHMO an employer relationship with certain medical personnel, including nurses, who provided some of the medical services at the Tulsa County Jail.  Defendant denies the remaining allegations of Paragraph No. 14 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

15.    Defendant Correctional Healthcare Management, Inc. ("CHM") is a foreign corporation, which, during October, 2011, did business within Tulsa County, Oklahoma.  Defendant denies the remaining allegations of Paragraph No. 15 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

16.    Defendant admits that Defendant Chappell was an employee of CHMO at times relevant to this lawsuit.  Defendant denies the remainder of the allegations of Paragraph No. 16 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

17.    Defendant admits that Defendant Luca was an employee of CHMO at times relevant to this lawsuit.  Defendant denies the remainder of the allegations of Paragraph No. 17 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

18.    Defendant admits that Defendant Hightower was an employee of CHMO at times relevant to this lawsuit.  Defendant denies the remaining allegations of Paragraph No. 18 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

19.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 19 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

20.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 20 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

21.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 21 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

22.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 22 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

23.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 23 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

## FACTUAL ALLEGATIONS

24.    Defendant re-alleges and incorporates by reference Paragraph Nos. 1-23 above as fully set forth herein.

25.    Defendant denies the allegations of Paragraph No. 25 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

26.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 26 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

27.     Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 27 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

28.     Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 28 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

29.     Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 29 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

30.     Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 30 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

31.     Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 31 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

32.     Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 32 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

33.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 33 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

34.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 34 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

35.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 35 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

36.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 36 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

37.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 37 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

38.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 38 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

39.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 39 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

40.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 40 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

41.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 41 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

42.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 42 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

43.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 43 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

44.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 44 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

45.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 45 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

46.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 46 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

47.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 47 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

48.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 48 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

49.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 49 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

50.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 50 of Plaintiff's Second Amended Complaint, and, as a result, denies same and demands strict proof thereof.

51.    Defendant admits that decedent Mr. Williams was examined, at least once, on or about October 25, 2011, by Dr. Harnish, and that Mr. Williams was

placed on video suicide monitoring.  Defendant denies the remaining allegations of Paragraph No. 51 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

52.    Defendant denies the allegations of Paragraph No. 52 of Plaintiff's Second Amended Complaint and demands strict proof thereof.

53.    Defendant admits that nurses were on duty in the medical unit. Defendant is without or information as to the veracity of the remaining allegations of Paragraph No. 53 of Plaintiff's Second Amended Complaint at this time, and demands strict proof thereof.

54.    Defendant admits that Mr. Williams was discovered in his cell on October 27, 2011.  Medical personnel and others provided assistance to Plaintiff's decedent, Mr. Williams.  Defendant denies the remaining allegations of Paragraph No. 54 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

55.    Defendant denies the allegations of Paragraph No. 55 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

56.    Defendant denies that Defendants Luca and/or Hightower did not provide resuscitation efforts to Plaintiff's decedent, Mr. Williams.  Defendant admits that Plaintiff's decedent, Mr. Williams, died.  Defendant denies the

remaining allegations of Paragraph No. 56 of Plaintiff's Second Amended Complaint.

57.    Defendant denies the allegations of Paragraph No. 57 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

58.    Defendant denies the allegations of Paragraph No. 58 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

59.    Defendant is without knowledge or information as to the veracity of the allegations of Paragraph No. 59 regarding statistics in Plaintiff's Second Amended Complaint.  Defendant denies all remaining allegations of Paragraph No. 59 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

60.    Defendant denies the allegations of Paragraph No. 60 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

61.    Defendant denies the allegations of Paragraph No. 61 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

62.    Defendant denies the allegations of Paragraph No. 62 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

63.    Defendant denies the allegations of Paragraph No. 63 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

64.    Defendant denies the allegations of Paragraph No. 64 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

65.    Defendant denies the allegations of Paragraph No. 65 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

<u>**CLAIMS FOR RELIEF**</u>

<u>**FIRST CLAIM FOR RELIEF**</u>

**Cruel and Unusual Punishment in Violation of the Eighth and/or Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983)**

**A.    Allegations Applicable to all Defendants**

66.    Defendant re-alleges and incorporates by reference Paragraph Nos. 1-65 above as if fully set forth herein.

67.    Defendant denies the allegations of Paragraph No. 67 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

68.    Defendant denies the allegations of Paragraph No. 68 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

69.    Defendant denies the allegations of Paragraph No. 69 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

70.    Defendant denies the allegations of Paragraph No. 70 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

71.     Defendant denies the allegations of Paragraph No. 71 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

**B.     Supervisor Liability (Sheriff Glanz)**

72.      Defendant re-alleges and incorporates by reference Paragraph Nos. 1-71 above as if fully set forth herein.

73.     If any allegations of Paragraph No. 73 of Plaintiff's Second Amended Complaint are directed at this answering Defendant, Defendant denies same and demands strict proof thereof.

74.     If any allegations of Paragraph No. 74 of Plaintiff's Second Amended Complaint and sub-sections a. – f. thereof, and demands strict proof thereof.

75.     Defendant denies the allegations of Paragraph No. 75 of Plaintiff's Second Amended Complaint are directed at this answering Defendant, Defendant denies same and demands strict proof thereof.

76.     If any allegations of Paragraph No. 76 of Plaintiff's Second Amended Complaint are directed at this answering Defendant, Defendant denies same and demands strict proof thereof.

77.     If any allegations of Paragraph No. 77 of Plaintiff's Second Amended Complaint are directed at this answering Defendant, Defendant denies same and demands strict proof thereof.

78.    If any allegations of Paragraph No. 78 of Plaintiff's Second Amended Complaint are directed at this answering Defendant, Defendant denies same and demands strict proof thereof.

79.    Defendant denies the allegations of Paragraph No. 79 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

## C.    Municipal Liability (CHMO, CHC and CHM)

80.    Defendant re-alleges and incorporates by reference Paragraph Nos. 1-79 above as if fully set forth herein.

81.    Defendant admits the allegations of Paragraph No. 81 of Plaintiff's Second Complaint.

82.    Defendant admits the allegations of Paragraph No. 82 of Plaintiff's Second Complaint as related to CHMO, but denies the remaining allegations contained therein, and demands strict proof thereof.

83.    Defendant denies the allegations of Paragraph No. 83 of Plaintiff's Second Complaint, and demands strict proof thereof.

84.    Defendant denies the allegations of Paragraph No. 84 of Plaintiff's Second Complaint, and demands strict proof thereof.

85.    Defendant denies the allegations of Paragraph No. 85 of Plaintiff's Second Complaint, and demands strict proof thereof.

86.     Defendant denies the allegations of Paragraph No. 86 of Plaintiff's Second Complaint, and demands strict proof thereof.

87.     Defendant denies the allegations of Paragraph No. 87 of Plaintiff's Second Complaint, including sub-sections a. – f. thereof, and demands strict proof thereof.

88.     Defendant denies the allegations of Paragraph No. 88 of Plaintiff's Second Complaint, and demands strict proof thereof.

89.     Defendant denies the allegations of Paragraph No. 89 of Plaintiff's Second Complaint, and demands strict proof thereof.

90.     Defendant denies the allegations of Paragraph No. 90 of Plaintiff's Second Complaint, and demands strict proof thereof.

91.     Defendant denies the allegations of Paragraph No. 91 of Plaintiff's Second Complaint, and demands strict proof thereof.

## SECOND CLAIM FOR RELIEF

### Negligence/Wrongful Death
### (Defendants CHMO, CHC, CHM, Chappell, Luca, Hightower, Does I through X)

92.     Defendant re-alleges and incorporates by reference Paragraph Nos. 1-91 above as if fully set forth herein.

93.     Defendant admits it owed a duty of reasonable care to Plaintiff's decedent, Mr. Williams, and used reasonable care.   Defendant denies any

remaining allegations of Paragraph No. 93 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

94.    Defendant denies the allegations of Paragraph No. 94 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

95.    Defendant denies the allegations of Paragraph No. 95 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

96.    Defendant denies the allegations of Paragraph No. 96 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

97.    Defendant denies the allegations of Paragraph No. 97 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

## PUNITIVE DAMAGES

98.    Defendant re-alleges and incorporates by reference Paragraph Nos. 1-97 above as if fully set forth herein.

99.    Defendant denies the allegations of Paragraph No. 99 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

100.    Defendant denies the allegations of Paragraph No. 100 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.

101.    Defendant denies the allegations of the "WHEREFORE" prayer paragraph following Paragraph No. 100 of Plaintiff's Second Amended Complaint, and demands strict proof thereof.  Defendant denies that Plaintiff is

entitled to any of the relief requested in the Plaintiff's Second Amended Complaint and prays that judgment be granted in favor of Defendant, and that Defendant be granted all such other and further relief to which it is entitled.

### AFFIRMATIVE DEFENSES

Defendant, for its additional claims and defenses in this action, alleges and states as follows:

1.    Plaintiff has failed to state a claim against this Defendant upon which relief can be granted.

2.    This Defendant did not breach any legal duty to Plaintiff.

3.    Decedent's injuries and damages, if any, are the result of pre-existing or other conditions or causes not related to the occurrences alleged in Plaintiff's Amended Complaint.

4.    Conditions created by Decedent are the proximate cause of Plaintiff's alleged injuries or damages.

5.    Plaintiff has failed to state a claim for a constitutional violation or negligence.

6.    Plaintiff has failed to state a claim under 42 U.S.C. § 1983.

7.    Plaintiff has failed to set forth any allegations that would create a material issue of fact as to the requisite culpable state of mind of deliberate

indifference on behalf of this Defendant, and Defendant is entitled to qualified immunity.

8.     An award of punitive damages against this Defendant would violate its constitutional rights of due process under the Fourteenth Amendment of the U.S. Constitution and the Oklahoma Constitution.

9.     This Defendant did not participate in any violation of Plaintiff's constitutional rights.

10.     Plaintiff has failed to state a sufficient claim for punitive damages, and there is no factual basis for punitive damages.

11.     Plaintiff has failed to show any actual injury resulting from the alleged constitutional violations.

12.     Plaintiff's damages, if any, are the fault of third parties over whom this Defendant exercises no control and for whose acts or negligence this Defendant is not responsible.

13.     Decedent was contributorily/comparatively negligent to a degree sufficient to bar recovery from this Defendant herein.

14.     Plaintiff has failed to adequately set forth any facts to indicate any standard of care was breached by this Defendant.

15.     Plaintiff failed to mitigate damages.

16.     Plaintiff's damages were caused by an intervening or supervening cause for which this Defendant is not responsible.

17.     Defendant did not create, cause, implement or enforce a policy, custom, or practice that was the moving force behind Plaintiff's alleged injuries.

18.     General Denial.

19.     This Defendant did not cause or contribute to Plaintiff's damages.

20.     At all times this Defendant met or exceeded the acceptable standards of care.

21.     Negligence is insufficient to state a constitutional claim.

22.     All policies, practices and customs used by this Defendant with regard to Plaintiff and this Complaint are constitutional.

23.     Assumption of the risk.

24.     This answering Defendant specifically reserves the right to amend this Answer and to raise additional affirmative defenses and make supplementary answers pending completion of discovery and submission of a Pretrial Order.

WHEREFORE, having fully answered, Defendant requests that the Plaintiff takes nothing and that the court grant Defendant judgment in its favor, and its costs, attorney fees, and such other relief as this Court deems proper.

JURY TRIAL DEMANDED.

Respectfully submitted,

HOLDEN & CARR

s/ Michael L. Carr
Steven E. Holden, Oba #4289
Michael L. Carr, OBA #17805
15 East 5th Street, Suite 3900
Tulsa, OK 74103
(918) 295-8888; (918) 295-8889 fax
SteveHolden@HoldenLitigation.com
MikeCarr@HoldenLitigation.com
Attorneys for Defendants,
Correctional Healthcare Management of
Oklahoma, Inc.; Correctional Healthcare
Companies, Inc.; Earnie Chappell, RN; Julie
Hightower; Carmen Luca, LPN

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 30th day of April, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Laura M. Lauth, OBA #22619 – lauralauth@ssrok.com
Daniel Smolen, OBA 19943 – danielsmolen@ssrok.com
Donald E. Smolen, III, OBA #19944 – donaldsmolen@ssrok.com
Louis W. Bullock, OBA #1305 – lbullock@bullock-blakemore.com
Patricia W. Bullock, OBA #9569 – pbullock@bullock-blakemore.com
Robert M. Blakemore, OBA #18656 – bblakemore@bullock-blakemore.com

*s/ Michael L. Carr*
Michael L. Carr

122.042