**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) ROBBIE EMERY BURKE, as the Special Administratrix of the Estate of Elliott Earl Williams, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 11-CV-720-JHP-TLW ) |
| (1) STANLEY GLANZ, SHERIFF OF TULSA COUNTY, in His Individual and Official Capacities; (2) CORRECTIONAL HEALTHCARE MANAGEMENT OF OKLAHOMA, INC.; (3) CORRECTIONAL HEALTHCARE COMPANIES, Inc.; (4) CORRECTIONAL HEALTHCARE MANAGEMENT, INC., (5) EARNIE CHAPPELL, R.N.; (6) CARMEN LUCA, LPN; (7) JULIE HIGHTOWER; (8) TRACY TOWNSEND; (9) JACK WELLS; (10) H.D. PITT; (11) LEM MUTII; and (12) DOES I through X, | ) JURY TRIAL DEMANDED ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ANSWER OF DEFENDANT TRACY TOWNSEND,

COMES NOW the Defendant Tracy Townsend, (hereinafter, "Townsend"), by and through his attorney of record, Scott B. Wood, and in answer to Plaintiff's Second Amended Complaint, alleges and states as follows:

1. Townsend admits that Elliott Williams was found dead at the David L. Moss Criminal Justice Center on October 27, 2011.

2. Townsend is without sufficient information to form a belief regarding the allegations contained in paragraphs 2, 3 and 4 of Plaintiff's Second Amended Complaint, and therefore denies the same.

3. Paragraphs 5 and 6 are not directed toward this answering Defendant, and therefore no response is required.

4. Townsend admits this Court has jurisdiction as alleged in paragraph 7 of Plaintiff's Second Amended Complaint. The remaining allegations in paragraph 7 are statements of law and require no response. To the extent the Court deems a response is required, the allegations are denied.

5. Townsend admits venue is proper as alleged in paragraph 8 of Plaintiff's Second Amended Complaint. The remaining allegations in paragraph 8 are statements of law and require no response. To the extent the Court deems a response is required, the allegations are denied.

6. Townsend admits the allegations contained in paragraphs 9 and 10 of Plaintiff's Second Amended Complaint.

7. Townsend is without sufficient information to form a belief regarding the allegations contained in paragraph 11 of Plaintiff's Second Amended Complaint, and therefore denies the same.

8. The allegations contained in paragraphs 12, 13, 14, 15, 16, 17, 18, 20, 21, 22 and 23 are not directed toward this answering Defendant, and therefore, no response is required.

9. Townsend admits he is an employee of the Owasso Police Department, and was acting under color of law when he had contact with Mr. Williams, and that he was

in part responsible for Williams's security. Townsend denies all other allegations and inferences contained in paragraph 19 of Plaintiff's Second Amended Complaint.

10. Townsend incorporates his responses as stated in paragraphs 1-23.

11. Townsend is without sufficient information to form a belief regarding the allegations contained in paragraphs 25-32 of Plaintiff's Second Amended Complaint, and therefore denies the same.

12. Townsend denies the allegation contained in paragraph 33 of Plaintiff's Second Amended Complaint as it pertains to Townsend.

13. Townsend admits that Plaintiff was placed in a holding cell pending his transfer to the Tulsa County Jail as alleged in paragraph 34 of Plaintiff's Second Amended Complaint. The remaining allegations and inferences are denied.

14. Townsend admits William's holding cell was monitored by video and that his actions were monitored, as alleged in paragraph 35 of Plaintiff's Second Amended Complaint. The remaining allegations and inferences are denied, as to Townsend only.

15. Townsend is without sufficient information to form a belief as to the allegations contained in paragraphs 36 and 37 of Plaintiff's Second Amended Complaint, as he was not present until just before Williams transport to the Tulsa County Jail, and therefore the allegations are denied. .

16. Townsend admits Williams was not transported to a hospital or mental health facility or provide Williams with a CT scan or MRI as alleged in paragraph 38 of

Plaintiff's Second Amended Complaint. The remaining allegations and inferences are denied.

17. Townsend admits that Williams was transported to the Tulsa County Jail as alleged in paragraph 39 of the Plaintiff's Complaint. The remaining allegations and inferences are denied.

18. Townsend denies the allegations and conclusions contained in paragraphs 40 and 41 of Plaintiff's Second Amended Complaint.

19. The allegations contained in paragraphs 42-56 and 58-65 are not directed toward this answering Defendant, and therefore requires no response. To the extent the Court may deem a response necessary, Townsend is without sufficient information to form a belief regarding the allegations, and therefore, denies the same.

20. Townsend denies the allegations and conclusions contained in paragraph 57 of Plaintiff's Second Amended Complaint.

21. Townsend incorporates his responses as stated in paragraphs 1-65.

22. Townsend denies the allegations contained in paragraphs 67-71.

23. The allegations contained in paragraphs 72 – 97, and 100 are not directed toward this answering Defendant, and therefore require no response. To the extent the Court may deem a response necessary, Townsend is without sufficient information to form a belief regarding the allegations, and therefore, denies the same.

24. Townsend denies the allegation contained in paragraph 99.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim for a violation of constitutional rights, and has therefore failed to state a claim.

2. Townsend affirmatively states that his actions were objectively reasonable under the totality of the circumstances. Therefore, no constitutional violation occurred.

3. Townsend is entitled to qualified immunity.

4. Any injury or damage suffered by Elliott Williams were the result of his own conduct and are therefore barred by the doctrine of unclean hands.

5. The injuries and damages of suffered by Elliott Williams are the result of actions by others and Townsend is not responsible for those actions of other people.

6. Townsend reserves the right to amend his answer and add additional affirmative defenses as discovery continues.

WHEREFORE, having fully answered, Defendant Tracy Townsend prays for judgment in his favor and for his costs, attorney fees, and such other and further relief as this Court deems just and equitable.

JURY TRIAL DEMANDED

Respectfully submitted,

 s/ Scott B. Wood
Scott B. Wood, OBA 12536
WOOD, PUHL & WOOD, P.L.L.C.
2409 E. Skelly Dr., Suite 200
Tulsa, Oklahoma  74105
*Tel* (918) 742-0808 / *Fax* (918) 742-0812
*Attorneys for Defendant Tracy Townsend*

**CERTIFICATE OF SERVICE**

This is to certify that on May 3, 2012, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel E. Smolen danielsmolen@ssrok.com
*Attorney for the Plaintiff*

Donald Eugene Smolen , II donaldsmolen@ssrok.com
*Attorney for the Plaintiff*

Lauren Grace Lambright laurenlambright@ssrok.com
*Attorney for the Plaintiff*

Miranda Rachelle Russell mirandarussell@ssrok.com
*Attorney for the Plaintiff*

Louis Werner Bullock lbullock@bullock-blakemore.com
*Attorney for the Plaintiff*

Patricia Whittaker Bullock pbullock@bullock-blakemore.com
*Attorney for the Plaintiff*

Robert Murray Blakemore bblakemore@bullock-blakemore.com
*Attorney for the Plaintiff*

Gregory J. Denney greg@gregdenneylaw.com
*Attorney for Plaintiff*

Steven Holden steveholden@holdenlitigation.com
*Attorney for Defendant*

*Correctional Healthcare Management*
Michael L. Carr mikecarr@holdenlitigation.com
*Attorney for Defendant*
*Correctional Healthcare Management*

Jane Cowdery janecowdery@holdenlitigation.com
*Attorney for Defendant*
*Correctional Healthcare Management*

Guy Fortney  *gfortney@brewsterlaw.com*
*Attorney for Defendant*
*Stanley Glanz*

There are no parties to this action who are not registrants in the ECF System.

s/ Scott B. Wood