# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ROBBIE EMERY BURKE,<br>    as the Special Administratrix of the Estate of<br>    Elliott Earl Williams, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>(1) STANLEY GLANZ, SHERIFF OF TULSA COUNTY, in His Individual and Official Capacities;<br>(2) CORRECTIONAL HEALTHCARE MANAGEMENT OF OKLAHOMA, INC.;<br>(3) CORRECTIONAL HEALTHCARE COMPANIES, Inc.;<br>(4) CORRECTIONAL HEALTHCARE MANAGEMENT, INC.,<br>(5) EARNIE CHAPPELL, R.N.;<br>(6) CARMEN LUCA, LPN;<br>(7) JULIE HIGHTOWER;<br>(8) TRACY TOWNSEND;<br>(9) JACK WELLS;<br>(10) H.D. PITT;<br>(11) LEM MUTII; and<br>(12) DOES I through X,<br><br>Defendants. | ) ) ) ) ) ) ) ) Case No. 11-CV-720-JHP-TLW ) ) JURY TRIAL DEMANDED ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## ANSWER OF DEFENDANT JACK WELLS

COMES NOW the Defendant Jack Wells (hereinafter, "Wells"), by and through his attorney of record, Scott B. Wood, and in answer to Plaintiff's Second Amended Complaint, alleges and states as follows:

1. Wells admits that Elliott Williams was found dead at the David L. Moss Criminal Justice Center on October 27, 2011.

2. Wells admits Williams was arrested on October 21, 2011, that he appeared to be having a mental breakdown, and asked officers to shoot him, and also asked what he had to do in order for officers to shoot him. Wells denies all other allegations and inferences contained in paragraph 2 of Plaintiff's Second Amended Complaint.

3. Wells admits Williams was taken to the Owasso Police Department for booking on a misdemeanor charge of obstruction, and that Williams acted strangely, and that states that Williams had suicidal ideations. Wells further admits that Williams was placed in jail cell which was video monitored, and that Williams sometimes crawled on his hands and knees, and barked and screamed and hollered. The remaining allegations contained in paragraph 3 of Plaintiff's Second Amended Complaint are denied.

4. Wells admits that Williams was transported to the Tulsa County Jail on October 22, 2011, but denies the remaining allegations contained in paragraph 4 of Plaintiff's Second Amended Complaint.

5. Paragraphs 5 and 6 are not directed toward this answering Defendant, and therefore no response is required.

6. Wells admits this Court has jurisdiction as alleged in paragraph 7 of Plaintiff's Second Amended Complaint. The remaining allegations in paragraph 7 are statements of law and require no response. To the extent the Court deems a response is required, the allegations are denied.

7. Wells admits venue is proper as alleged in paragraph 8 of Plaintiff's Second Amended Complaint. The remaining allegations in paragraph 8 are statements of

law and require no response. To the extent the Court deems a response is required, the allegations are denied.

8. Wells admits the allegations contained in paragraphs 9 and 10 of Plaintiff's Second Amended Complaint.

9. Wells is without sufficient information to form a belief regarding the allegations contained in paragraph 11 of Plaintiff's Second Amended Complaint, and therefore denies the same.

10. The allegations contained in paragraphs 12, 13, 14, 15, 16, 17, 18, 19, 21, 22 and 23 are not directed toward this answering Defendant, and therefore, no response is required.

11. Wells admits he is an employee of the Owasso Police Department, and was acting under color of law when he had contact with Mr. Williams, and that he was in part responsible for Williams's security. Wells denies all other allegations and inferences contained in paragraph 20 of Plaintiff's Second Amended Complaint.

12. Wells incorporates his responses as stated in paragraphs 1-23.

13. Wells admits Williams had suicidal ideations, but the remaining allegations contained in paragraph 25 of Plaintiff's Second Amended Complaint are denied.

14. Wells admits Williams was arrested on October 21, 2011, but is without sufficient information to form a belief regarding the remaining allegations contained in paragraph 26 of Plaintiff's Second Amended Complaint, and therefore, they are denied.

15. The allegations contained in paragraphs 27 are admitted as to statements put into the report by Officer Wells. All other remaining allegations and inferences are denied.

16. Wells admits that according to the police report Williams said "shoot me twice" and "What do I have to do to get you to shoot me," as alleged in paragraph 28 of Plaintiff's Second Amended Complaint. Wells denies all other remaining allegations in paragraph 28.

17. Wells admits Williams was transported to OPD for booking, as alleged in paragraph 29 of Plaintiff's Second Amended Complaint.

18. Wells admits Williams exhibited strange behavior at the Owasso Police Department as alleged in paragraph 30 of Plaintiff's Second Amended Complaint. The remaining allegations and conclusions are denied, or denied for lack of information.

19. Wells is without sufficient information to form a belief as to the allegations contained in paragraph 31 of Plaintiff's Complaint, and therefore denies the same.

20. Wells denies the allegation in the first sentence of paragraph 32 of Plaintiff's Second Amended Complaint. Wells admits the allegation contained in the second sentence.

21. Wells admits the allegation contained in paragraph 33 of Plaintiff's Second Amended Complaint as to Wells being on duty at the time of Williams booking.

22. Wells admits that Plaintiff was placed in a holding cell pending his transfer to the Tulsa County Jail as alleged in paragraph 34 of Plaintiff's Second Amended Complaint. The remaining allegations and inferences are denied.

23. Wells admits William's holding cell was monitored by video and that his actions were monitored, and that he observed a portion of William's actions while he was in the cell, as alleged in paragraph 35 of Plaintiff's Second Amended Complaint.

24. Wells is denies the allegations contained in paragraphs 36 and 37 of Plaintiff's Second Amended Complaint.

25. Wells admits Williams was not transported to a hospital or mental health facility or provide Williams with a CT scan or MRI as alleged in paragraph 38 of Plaintiff's Second Amended Complaint.  The remaining allegations and inferences are denied.

26. Wells admits that Williams was transported to the Tulsa County Jail as alleged in paragraph 39 of the Plaintiff's Complaint.  The remaining allegations and inferences are denied.

27. Wells denies the allegations and conclusions contained in paragraphs 40 and 41 of Plaintiff's Second Amended Complaint.

28. The allegations contained in paragraphs 42-56 and 58-65 are not directed toward this answering Defendant, and therefore requires no response.  To the extent the Court may deem a response necessary, Wells is without sufficient information to form a belief regarding the allegations, and therefore, denies the same.

29. Wells denies the allegations and conclusions contained in paragraph 57 of Plaintiff's Second Amended Complaint.

30. Wells incorporates his responses as stated in paragraphs 1-65.

31. Wells denies the allegations contained in paragraphs 67-71.

32. The allegations contained in paragraphs 72 – 97, and 100 are not directed toward this answering Defendant, and therefore require no response.  To the extent the Court may deem a response necessary, Wells is without sufficient information to form a belief regarding the allegations, and therefore, denies the same.

33. Wells denies the allegation contained in paragraph 99.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim for a violation of constitutional rights, and has therefore failed to state a claim.

2. Wells affirmatively states that his actions were objectively reasonable under the totality of the circumstances. Therefore, no constitutional violation occurred.

3. Wells is entitled to qualified immunity.

4. Any injury or damage suffered by Elliott Williams were the result of his own conduct and are therefore barred by the doctrine of unclean hands.

5. The injuries and damages of suffered by Elliott Williams are the result of actions by others and Wells is not responsible for those actions of other people.

6. Wells reserves the right to amend his answer and add additional affirmative defenses as discovery continues.

WHEREFORE, having fully answered, Defendant Jack Wells prays for judgment in his favor and for his costs, attorney fees, and such other and further relief as this Court deems just and equitable.

JURY TRIAL DEMANDED

Respectfully submitted,

s/ Scott B. Wood
Scott B. Wood, OBA 12536
WOOD, PUHL & WOOD, P.L.L.C.
2409 E. Skelly Dr., Suite 200
Tulsa, Oklahoma  74105
*Tel* (918) 742-0808 / *Fax* (918) 742-0812
*Attorneys for Defendant Jack Wells*

## **CERTIFICATE OF SERVICE**

This is to certify that on May 3, 2012, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel E. Smolen danielsmolen@ssrok.com
*Attorney for the Plaintiff*

Donald Eugene Smolen , II donaldsmolen@ssrok.com
*Attorney for the Plaintiff*

Lauren Grace Lambright laurenlambright@ssrok.com
*Attorney for the Plaintiff*

Miranda Rachelle Russell mirandarussell@ssrok.com
*Attorney for the Plaintiff*

Louis Werner Bullock lbullock@bullock-blakemore.com
*Attorney for the Plaintiff*

Patricia Whittaker Bullock pbullock@bullock-blakemore.com
*Attorney for the Plaintiff*

Robert Murray Blakemore bblakemore@bullock-blakemore.com
*Attorney for the Plaintiff*

Gregory J. Denney greg@gregdenneylaw.com
*Attorney for Plaintiff*

Steven Holden steveholden@holdenlitigation.com
*Attorney for Defendant*

*Correctional Healthcare Management*
Michael L. Carr  mikecarr@holdenlitigation.com
*Attorney for Defendant*
*Correctional Healthcare Management*

Jane Cowdery  janecowdery@holdenlitigation.com
*Attorney for Defendant*
*Correctional Healthcare Management*

Guy Fortney  *gfortney@brewsterlaw.com*
*Attorney for Defendant*
*Stanley Glanz*

Clark Brewster  *cbrewster@brewsterlaw.com*
*Attorney for Defendant*
*Stanley Glanz*

      There are no parties to this action who are not registrants in the ECF System.

         s/ Scott B. Wood