IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBBIE EMERGY BURKE, ) | |
| As the Special Administratrix of the ) | |
| Estate of Elliott Earl Williams, Deceased, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-CV-720-JED-PJC |
| ) | |
| STANLEY GLANZ, SHERIFF OF ) | |
| TULSA COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter came before the Court for hearing on January 8, 2013, on Plaintiff's Motion to Modify the Stipulated Protective Order ("Plaintiff's Motion") [Dkt. No. 53] and on Defendant Stanley Glanz's Motion to Strike Plaintiff's Motion [Dkt. No. 62]. For the reasons set forth below, Defendant Glanz's Motion is **DENIED** and Plaintiff's Motion is **DENIED**.

## BACKGROUND

Plaintiff brought this action against Defendants alleging cruel and unusual punishment under 42 U.S.C. § 1983 and negligence arising from the treatment, and subsequent death, of Elliott Williams after Williams' arrest and while he was in the custody of the David L. Moss Criminal Justice Center ("Tulsa County Jail"). [*See* Dkt. No. 15]. On July 26, 2012, the parties submitted their Unopposed Motion for Protective Order and represented that they had "attempted in good faith to craft appropriate document protections to facilitate discovery exchanges by way of the Stipulated Protective Order." [Dkt. No. 48] The motion recited that "All parties are in agreement with this motion." This Court uses a standard Protective Order to be used in all cases where the parties agree to a Protective Order. That template can be altered or adjusted if the case

presents issues out of the ordinary. In this instance, however, the parties reviewed the Protective Order and made minor adjustments. [Dkt. No. 48,¶ 4]. The Stipulated Protective Order was presented to U.S. Magistrate Judge T. Lane Wilson who entered the Protective Order on August 2, 2012.[1] [Dkt. No. 49].

In reliance of the Protective Order, the parties began designating documents and exchanging discovery. During a September 28, 2012 meet and confer, Defendant Glanz agreed to re-designate certain "Confidential" documents as non-confidential, so long as Plaintiff complied with Section 1(f) of the Stipulated Protective Order, which provides that "all documents and other materials produced in this litigation shall be used only for purposes of this litigation, whether or not a Supplying Party designates such documents as "Confidential" or "Highly Confidential." [Dkt. No. 49, ¶ 1(f)].

On October 29, 2012, Plaintiff filed a Motion to Modify the Stipulated Protective Order, requesting that the Court strike Paragraph 1(f) of the Protective Order so that the non-confidential protected documents could be used for purposes other than this case. [Dkt. No. 53] Plaintiff seeks modification of the Protective Order for the benefit of nonparties to this litigation, including, the U.S. Department of Justice Civil Rights Division, the Oklahoma Health Department, the American Correctional Association, the National Commission on Correctional Health Care, the U.S. Department of Homeland Security, the public-at-large, as well as other litigants in lawsuits against the Sheriff.

Sheriff Glanz's Motion to Strike Plaintiff's Motion is based on the premise that by describing the contents of the investigation and the video, Plaintiff violated the Protective Order because the re-designation of documents was contingent upon the application of Paragraph 1(f).

---

[1] Judge Wilson recused from this case on October 31, 2012, and the case was then reassigned to the undersigned U.S. Magistrate Judge. [Dkt. No. 57].

## APPLICABLE LEGAL STANDARD

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows a party to obtain information through discovery concerning "any nonprivileged matter that is relevant to any party's claim or defense." Rule 26(c)(1) provides that upon a showing of good cause, the court "may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Blanket" or "umbrella" have become standard practice and are routinely approved by courts, frequently at the stipulated request of the parties. *United Nuclear Corp. v. Cranford Ins. Co.*, 908 F.2d 1424, 1427 (10th Cir. 1990); *Gillard v. Boulder Valley Sch. Dist.*, 196 F.R.D. 382, 385-86 (D. Colo. 2000) (describing different types of protective orders).

Trial courts have broad discretion in managing discovery matters and are subject to review only for abuse of discretion. *WN Petroleum Corp. v. OK-Tex Oil & Gas Inc.*, 998 F.2d 853, 858 (10th Cir. 1993); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (trial courts have broad discretion in deciding when to issue a protective order and in deciding the appropriate degree of protection). This Court has the inherent power to modify protective orders, including stipulated protective orders. *See United Nuclear,* 908 F.2d at 1427.

## DISCUSSION

### I.    SHERIFF GLANZ'S MOTION TO STRIKE [Dkt. No. 62]

Sheriff Glanz originally produced and designated the documents at issue as "Confidential" pursuant to the Stipulated Protective Order. After conducting a meet and confer, as required by the Local Rules, the Sheriff agreed to withdraw the confidentiality designations on the majority of these documents, so long as Paragraph 1(f) was adhered to and enforced. When Plaintiff's Motion to Modify was filed, the Stipulated Protective Order was in full force, including Paragraph 1(f). Accordingly, all documents and materials produced, including non-

3

confidential documents, were at that time "to be used only for purposes of this litigation." [Dkt. No. 49, ¶ 1(f)].

Plaintiff's Motion to Modify contained a description of the jail video and certain documents, all of which the Sheriff had agreed were non-confidential. Although Plaintiff filed a motion seeking to share the non-confidential documents for purposes outside this litigation, the motion itself, and the description contained therein, was in fact "for purposes of this litigation" and no documents were used for improper purposes. (*See* Fed. R. Civ. P. 5(d)(1) and the corresponding advisory committee's note (2000) (addressing when it is proper to file discovery materials)). The undersigned finds that Plaintiff's motion did not violate the Stipulated Protective Order because the Sheriff had agreed that the documents at issue were non-confidential under the Stipulated Protective Order and information in these documents was used only for purposes of this case. Therefore, Sheriff Glanz's Motion is **DENIED**.

## II.    PLAINTIFF'S MOTION TO MODIFY [Dkt. No. 53][2]

The initial question that must be addressed is whether Plaintiff's Motion to Modify is the proper vehicle to secure protected documents for entities that are not parties to the litigation. Plaintiff is seeking access to protected documents on behalf of numerous nonparties. In support of her motion, Plaintiff relies on *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3rd Cir. 1994). In *Pansy*, the court determined that a nonparty seeking access to a document subject to protective order should move to intervene in the action in order to seek relief. *Id.* at 778-79. *Pansy* cited a Tenth Circuit decision, *United Nuclear Corp.*, 905 F.2d 1424 in support of its decision. In

---

[2]    Plaintiff also filed a Motion to Expedite ruling on the Motion to Modify [Dkt. No. 54]. This motion was premised on a perceived need for the Plaintiff to provide discovery documents to American Correctional Association representatives during an inspection of the Tulsa County Jail Oct. 29-31. However, following Judge Wilson's recusal, the undersigned was not available to consider this motion until after the inspection. Thus, the Motion to Expedite is **MOOT**.

*United Nuclear*, litigants in state and federal actions other than the case at bar, sought permissive intervention under Fed. R. Civ. P. 24(b) for the limited purpose of seeking modification of a protective order and gaining access to documents that they wished to use in their own lawsuits. The district court granted leave to intervene, over the objection of Defendants.

On appeal, the Tenth Circuit stated:

> The courts have widely recognized that the correct procedure for a nonparty to challenge a protective order is through intervention for that purpose.

*United Nuclear*, 905 F.2d at 1427 (emphasis added).

Similarly, the Fifth Circuit has held that intervention is "the procedurally correct course" for third-party challenges to protective orders. *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783 (1st Cir. 1988) (quoting *In re Beef Industry Antitrust Litigation*, 589 F.2d 786, 789 (5th Cir. 1979)).

A recent decision of one of our sister courts within the Tenth Circuit, held:

> When a nonparty challenges a protective order, "the correct procedure" for such a challenge is intervention. Where the modification sought is "unrelated to the litigation in front of the court," such modification is "disfavored" because the court lacks familiarity with, and control over, the collateral litigation.

*Chipman v. Sabol & Rice*, 2012 WL 6020031, *1 (D. Utah Dec. 3, 2012) (*quoting United Nuclear*, 905 F.2d at 1427).

In *Chipman*, Plaintiffs sought modification of a stipulated protective order so that the Plaintiffs could release documents to the Utah Attorney General's office for use in an unrelated criminal matter. In denying the motion to modify, the Court stated:

> Procedurally, Defendants oppose Plaintiffs' motion to modify the protective order because the Utah Attorney General's Office failed to intervene in this case. (Docket No. 109 at 2.) The Court agrees that, pursuant to *United Nuclear,* the Utah Attorney General's Office should seek permissive intervention to modify the protective order. Plaintiffs cannot bypass this requirement on behalf of nonparties.

*Id.* at *2 (emphasis added).

Accordingly, this Court finds that the correct procedure is for nonparties to intervene if they seek access to protected documents.[3] This allows the Court to hear what documents the nonparty is seeking and why they are needed. It also allows the Court, if appropriate, to place the intervening party under the mandate of the protective order. Under the procedure advocated by Plaintiff here, the Court has no basis for determining whether any of the agencies listed above have requested documents from the Sheriff and whether access has been denied. Plaintiff's counsel conceded at the hearing on this motion that he had no evidence that any of these nonparties had sought and been denied any information by the Sheriff. Furthermore, modifying the protective order as requested would leave to the Plaintiff or Plaintiff's counsel to decide who would receive documents, what documents nonparties would receive, etc. This is hardly a recipe for orderly pre-trial discovery.

The Court's ruling today is consistent with its previous rulings on this issue. For example, this same motion was presented to the Court by the same attorney in *Roy Johnson, et al. v. The City of Tulsa*, 94-CV-39-H (N.D. Okla.). There, Plaintiffs sought to modify an agreed protective order so that discovery documents could be disclosed to the Civil Rights Division of the U.S. Department of Justice. *Johnson* [Dkt. No. 168, p.1]. In denying the motion, Magistrate Judge Frank H. McCarthy noted: "Significantly, the Dept. of Justice has not moved to intervene in this case … in an attempt to obtain access to the information in question." *Id.* [Dkt No. 198, at 2].

The underlying legal principle is identical: Nonparties seeking protected information should seek leave to intervene and explain what they seek and why. And it is improper for

---

[3]   No documents have been submitted to the Court. The motion has been presented purely as a question of law.

Plaintiff to seek to avoid this requirement by moving to modify the Stipulated Protective Order on behalf of the nonparties.

Plaintiff has also asserted that the public has a general right of access to discovery materials produced in the course of public interest litigation. Plaintiff asserts that the Court should not cover this proceeding in a "shroud of secrecy." As the Court observed at the Jan. 8 hearing, Plaintiff *agreed* to a protective order to assist in this case in order to expedite the discovery process. Plaintiff has received the benefit of this bargain by securing discovery without document-by-document fights and Defendant has relied on the Stipulated Protective Order in producing discovery material. Courts should be wary of modifying a protective order where a party has complied with discovery in reliance on the agreement. *See S.E.C. v. Merrill Scott & Assoc., Ltd.*, 60o0 F.3d 1262, 1272-72 (10th Cir. 2010).

Furthermore, the public has not been denied access to these proceedings. The public has had access to every hearing in this matter and the public has been informed of the factual and legal issues in the case. Plaintiff relies on *Flaherty v. Seroussi*, 209 F.R.D. 295 (N.D.N.Y. Oct. 30, 2001), for the proposition that there should be a presumption of open inspection of discovery materials in cases of strong public interest. The Court does not find *Flaherty* persuasive as a general proposition of law and is disinclined to adopt its approach -- certainly not without full development of the factual and legal record. Furthermore, subsequent cases have cast some doubt on the vitality of *Flaherty*. *See S.E.C. v. TheStreet.Com*, 273 F.3d 222, 229 (2d Cir. 2001) (which ignored *Flaherty* entirely in discussing issues concerning modification of a protective order in a public interest case, and *quoting Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982: "Discovery involves the use of compulsory process to facilitate orderly preparation for trial, not to educate or titillate the public."); s*ee also* 8A Wright. Miller & Marcus, Fed. Prac. & Proc. §

7

2042 (3rd. ed. 2010) (amendments to Fed. R. Civ. P. 5(d) may significantly undermine the argument that the rules favor free public access to discovery materials.")

Under the liberal discovery of Rule 26, much more information is produced than will likely ever be found relevant or admissible in a case. The relevance standard for discovery is far broader than the standard for admissibility. *Folsom v. Heartland Bank*, 1999 WL 322691, *2 (D.Kan. May 14, 1999). Parties or witnesses might be unwilling to fully disclose information if they believed discovery material would become immediately available to the public without so much as a determination that the material was relevant to the dispute at hand. Thus, courts have held that "[a]s a general proposition, there is no public right of access to evidence obtained in the discovery process prior to use in public hearings or trial." *Grundberg v. Upjohn Co.*, 140 F.R.D. 459, 466 (D. Utah 1991); *Oklahoma Hosp. Ass'n. v. Oklahoma Pub. Co.*, 748 F.2d 1421, 1424-26 (10th Cir. 1984). *See also In re Agent Orange Product Liability Litigation*, 96 F.R.D. 582, 584 (E.D.N.Y. 1983) (no independent right of access by nonparties to materials produced in discovery and not made part of the public record.) The Court is unwilling – certainly on the scant record before it – to find that the public has an "unfettered" right to pre-trial discovery materials in any case deemed to be of public interest.

A valid Stipulated Protective Order has been entered in this case. Defendant has produced documents in reliance on that agreed order. Elimination of Paragraph 1(f) at this juncture would threaten the orderly process of discovery and open the door to a trial in the media. The Court has already witnessed how unilateral disclosure of protected documents could disrupt the orderly pre-trial and trial process of this case. Under the circumstances presented here, the Court finds that modification of the Stipulated Protective Order is not in the best interests of orderly and efficient administration of justice.

Accordingly, the Motion to Modify is **DENIED**.

DATED this 18th day of January 2013.

Paul J. Cleary
United States Magistrate Judge