IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

BOBBIE EMERY BURKE, as the )
Special Administrator of the Estate )
Of Elliott Earl Williams, Deceased, )
)
    Plaintiff, )
)
v. ) Case No. 11-CV-720-JED-PJC
)
STANLEY GLANZ, Sheriff of Tulsa )
County, et al., )
)
    Defendants. )

## OPINION AND ORDER

The following motions are pending before the Court:

**(1) Dkt. No. 103**: Motion to Compel, filed by Defendants, Correctional Healthcare Management of Oklahoma, Inc. ("CHMO"), Earnie Chappell ("Chappell"), Julie Hightower ("Hightower"), and Carmen Luca ("Luca"), and Non-Party Witness, Pam Hoisington ("Hoisington"). Plaintiff has not responded.

**(2) Dkt. No. 104**: Motion to Quash Deposition Notice to Pam Hoisington and Protective Order, filed by Defendants CHMO, Chappell, Hightower and Luca. Plaintiff claims the Hoisington recording is work product and further contends that Defense counsel's representation of Hoisington presents a conflict of interest. Plaintiff also contends that the Movants lack standing to challenge the Hoisington subpoena. [Dkt. No. 107].

1

(3) **Dkt. No. 105**:  Motion to Stay Deposition of Pam Hoisington, filed by Defendants CHMO, Chappell, Hightower and Luca.  Plaintiff has not responded.

(4) **Dkt. No. 108**:  Non-Party Witness, Pam Hoisington's Motion to Quash Plaintiff's Deposition Subpoena and Protective Order, filed by Hoisington.  Plaintiff has not responded.

(5) **Dkt. No. 109**:  Motion for Protective Order, filed by CHMO, Chappell, Luca, Hightower, and Non-Parties Hoisington and Christina Rogers ("Rogers").  This relates to Plaintiff's ex parte communications with current or former employees of Defendant(s). Plaintiff contends that Rule 4.2 of the Oklahoma Rules of Professional Conduct (barring ex parte contact with certain corporate employees) does not apply to *former* employees. [Dkt. No. 111].

### *Common Factual Background*

Pending motions Nos. 103,104, 105 & 108 relate to a common core set of facts.  Non-party Hoisington was employed by Correctional Healthcare Companies, Inc., as the Health Services Administrator at the David L. Moss Correctional Facility ("the Jail"), from September 2007 to September 2010.  Plaintiff alleges that Hoisington was fired for voicing concerns regarding inadequate policies at the jail.  Plaintiff further alleges that Hoisington

2

documented some of her complaints in a letter. (Second Amended Complaint, Dkt. No. 15, ¶65).

In February 2013, Plaintiff's counsel recorded an interview with Hoisington (The recording was apparently made without Hoisington's knowledge.). On March 20, 2013, Plaintiff served Hoisington with a subpoena for her deposition on March 28, 2013. Hoisington and her attorney have requested a copy of her recorded interview, but Plaintiff has refused to produce it. The Motion to Compel seeks an ordering compelling production of the recording. The Motion to Quash deposition seeks to quash based on the refusal to produce Hoisington's recorded statement. The Motion to Stay seeks to stay the March 28th deposition pending resolution of the Motion to Quash.

### *Applicable Legal Principles*

The Federal Rules of Civil Procedure specifically address the issue underlying the pending motions:

> *Previous Statement.* Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either:
>
> (**i**) a written statement that the person has signed or otherwise adopted or approved; or
>
> (**ii**) a contemporaneous stenographic, mechanical, electrical, or other recording--or a transcription of it--that recites substantially verbatim the person's oral statement.

Fed. R. Civ. P. 26(b)(3)(C).

*Discussion*

Rule 26(b)(3)(C) provides an exception to the work product doctrine, thereby enabling a party or non-party witness to obtain a copy of his statement about the matter in dispute. 8 Federal Practice and Procedure § 2027 & 2028 [3d ed.]  The rationale for this provision is the "feeling that it is not fair to a witness to require him to testify without being allowed to see what he has said in a statement previously given." *Id.* *See* Committee Note to 1970 Amendment to Rule 26.

Plaintiff's counsel made a contemporaneous recording of Hoisington's interview in February 2013.  This recording meets the requirements of Rule 26(b)(3(C)(ii).  Thus, under the Rule, Hoisington, is entitled to a copy of this recording; however, the Rule does not provide a work product exception as to persons other than the witness. Accordingly, the Motion to Compel is **GRANTED IN PART AND DENIED IN PART.**  Plaintiff shall produce a copy of Hoisington's recorded statement *to her* within three (3) business days of the date herein. The motion is **DENIED** as to CHMO, Chappell, Hightower and Luca.

Dkt. No. 104, Motion to Quash is **DENIED IN PART.**  The subpoena is hereby modified to require Hoisington's deposition at a mutually agreed upon time and place within two weeks after she receives a copy of her recorded statement.  The Motion for Protective Order is **GRANTED.**

Dkt. No. 105 is **MOOT.**

4

Dkt. No. 108 is **GRANTED IN PART** as outlined above. The subpoena is modified to require Hoisington's depositions within two weeks after she receives a copy of her recorded statement.

Dkt. No. 109 is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs are prohibited from ex parte communication with current managerial employees. Plaintiffs are not prohibited from ex parte communication with former employees of Defendant(s).

Rule 4.2 provides:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

Oklahoma Statutes, Title 5, Ch. 1, App. 3-A, Rule 4.2

Defendants rely heavily on *Chancellor v. Boeing Co.*, 678 F. Supp. 250 (D.Kan 1988), where the Court held that former corporate employees could be deemed parties for purposes of Rule 4.2 if their "acts or omissions in connection with the matter in representation may be imputed to the corporation." *Id.* at 253. Despite *Chancellor*, the general rule is that Rule 4.2 does not apply to communications with former employees who no longer have any relationship with the company. *See, Aiken v. Bus. And Indus. Health Grp., Inc.*, 885 F. Supp. 1474, 1477-78 (D.Kan. 1995). In *Aiken*, the Court noted that three years after

*Chancellor* the American Bar Association issued a Formal Opinion that Rule 4.2 did not apply to former employees. The 1991 Comment to the Rule states:

> In the case of a represented organization, this Rule prohibits communications with a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability. <u>Consent of the organization's lawyer is not required for communication with a former constituent</u> . . . .

*Id.* Comment (emphasis added). This is consistent with the majority view. *See, Fulton v. Lane*, 829 P.2d 959, 960 (Okl. 1992) (Ex parte communications with former employees not prohibited because they cannot speak for or bind the corporation). Accordingly, Rule 4.2 does not apply to Plaintiff's counsel's ex parte communications with former employees of the Defendant corporations.

### *Summary*

Dkt. No. 103 is **GRANTED IN PART AND DENIED IN PART.** Plaintiff's counsel shall, with three (3) business days of this Order, produce to Hoisington a copy of her previously recorded statement. Plaintiff need not produce this statement to the remaining Movants.

Dkt. No. 104 Motion to Quash is **DENIED IN PART.** The subpoena will not be quashed, but will be modified to require Hoisington to appear for deposition at a mutually agreed upon time and place within two

weeks after she receives a copy of her statement. The Motion for Protective Order is **GRANTED**.

Dkt. No. 105 is **MOOT**.

Dkt. No. 108 is **DENIED IN PART** as outlined above with respect to Dkt. No. 104.

Dkt. No. 109 is **DENIED** as to former employees Hoisington and Christina Rogers.

The Court concludes that no award of attorney fees is warranted. The Court further notes that both sides to this litigation espoused positions on discovery issues that were clearly contrary to the existing law. A party cannot refuse to give a witness' his or her prior statement on work product grounds. That is clear under Rule 26(b)(3)(C). At the same time, Defendant's position as to ex parte communication with former corporate employees is clearly not viable in light of the 1991 ABA Comment to Rule 4.2 and the majority interpretation of that provision. Both sides are admonished to more carefully research the law and their representations to the Court as to the state of the law.

IT IS SO ORDERED, this 15th day of May 2013.

_____
Paul J. Cleary
United States Magistrate Judge