UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROBBIE EMERY BURKE,** as the Special Administratrix of the Estate of Elliott Earl Williams, Deceased<br><br>**Plaintiff,**<br><br>v.<br><br>**STANLEY GLANZ, SHERIFF OF TULSA COUNTY, et al.,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 11-CV-720-JED-PJC |

## OPINION AND ORDER

The Court has for its consideration plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 110). Plaintiff, Robbie Emery Burke, as the Special Administratrix of the Estate of Elliot Earl Williams, seeks to add "a claim against all defendants for violation of Mr. Williams' right to be free from cruel and unusual punishment pursuant to Article 2 §9 of the Oklahoma Constitution." (*Id*., at 2). Plaintiff's proposed amendment is opposed by all defendants, but for varying reasons. (*See* Docs. 116, 117, and 119).

Federal Rule of Civil Procedure 15(a)(2), which governs plaintiff's Motion, provides that a court should "freely give leave [to amend] when justice so requires." Courts generally deny leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City, and Cnty. of Denver*, 397 F.3d 1300, 1314 (10th Cir. 2005) (internal quotation omitted).

Plaintiff's request is timely and does not seek to expand this litigation in any significant manner. Plaintiff has twice amended her complaint in this case and her current request was filed

on April 9, 2013, the deadline for amendment under the current Scheduling Order (Doc. 98). The proposed amendment does not seek to add a party, and the claim she seeks to add would involve the same (or at least highly similar) evidence and witnesses as the claims currently contained in her second amended complaint (Doc. 15).

Plaintiff's proposed claim is based upon Art. 2, § 9 of the Oklahoma Constitution, which prohibits cruel and unusual punishment. Plaintiff argues that her claim can be alleged against all defendants based upon the Oklahoma Supreme Court's decisions in *Washington v. Berry*, 55 P.3d 1036 (Okla. 2002) and *Bosh v. Cherokee County Building Authority*, 2013 WL 519897, --- P.3d --- (Okla. 2013).

In *Washington*, the court held that a prisoner who is injured through the use of excessive force may maintain a private right of action for violation of Art. 2, § 9 of the Oklahoma Constitution. 55 P.3d at 1039. The court noted that "a prisoner has a significantly greater burden to bear in establishing his right to a cause of action than does a person who is not incarcerated. *Id*. As such, the court held that to plead such a claim, a prisoner must allege facts which show a "wantonness in the infliction of pain." *Id*. at 1040.

In the recent *Bosh* case, the Oklahoma Supreme Court recognized a cause of action under Art. 2, § 30 of the Oklahoma Constitution for non-incarcerated individuals who are subject to excessive force by law enforcement.[1] The court also held that the common law theory of *respondeat superior* applies to such claims, making municipalities liable for the actions of their employees if they are acting within the scope of their employment. *Id*. at *6-7. The court reasoned that "there is no reason why" *respondeat superior* should not apply in such circumstances and further noted:

---

[1] This portion of the Oklahoma Constitution prohibits unlawful searches and seizures.

> The problems of federalism which preclude the application of *respondeat superior* to § 1983 actions are obviously not present when the action is for a violation of a state's constitution. Consequently, the common law doctrine of *respondeat superior* in tort litigation should apply under State law to municipal corporations.

*Id*. at 7. The Oklahoma Supreme Court's opinion in *Bosh* has not yet been released for publication and is still subject to revision. A number of *amici* filings have been accepted by the court with respect to the defendant's request for rehearing.

All of the defendants oppose plaintiff's proposed amendment. Defendant Stanley Glanz argues that *Bosh* does not provide an adequate basis for amendment because it is still subject to revision and did not address a cause of action under Art. 2, § 9. (Doc. 117). Defendants Tracy Townsend, Jack Wells, H.D. Pitt, and Lem Mutii, employees of the Owasso Police Department ("OPD") (collectively, the "OPD defendants") also argue that *Bosh* should not be followed in this case because it is still possibly subject to revision. The OPD defendants also argue that Mr. Williams was not subject to protection from cruel and unusual punishment because he had not yet been adjudicated guilty of a crime. (Doc. 119). Finally, Defendants Correctional Health Care Management of Oklahoma, Inc., Correctional Health Care Companies, Inc., Correctional Healthcare Management, Inc., Ernie Chappell, Carmen Luca, and Julie Hightower, (collectively, the "healthcare defendants") likewise note the unfinalized nature of the *Bosh* opinion, but also argue that the facts alleged by plaintiff are insufficient to show "wantonness in the infliction of pain" by the healthcare defendants, as required by *Washington*. (Doc. 116). The healthcare defendants further argue that the claim which plaintiff pursues has never been applied to persons other than law enforcement officers or detention officers. (*Id*., at 3).

The Court finds the OPD defendants' argument – that amendment should not be permitted because Mr. Williams was not subject to protection from cruel and unusual

punishment because he had not yet been adjudicated guilty of a crime – to be dispositive of this issue. Specifically, the OPD defendants argue that "the Eighth Amendment does not apply until after adjudication of guilt." (Doc. 119, at 4). Plaintiff, however, seeks to assert a claim based upon Art. 2, § 9 of the Oklahoma Constitution, not the Eighth Amendment. While Oklahoma courts are free to determine that Art. 2, § 9's protections are broader than those of the Eighth Amendment's, they have not done so with respect to this particular issue. The Oklahoma Court of Civil Appeals has unambiguously held in the context of a claim under Art. 2, § 9 that that "[t]he constitutional prohibitions on cruel and unusual punishment *apply only to those convicted of a crime*." *Bryson v. Oklahoma Cnty.* ex rel. *Oklahoma Cnty. Det. Ctr.*, 261 P.3d 627, 633 (citation omitted, emphasis added). Because Mr. Williams' status was that of pretrial detainee at the time of his detention and death (*see* Doc. 15, at 2-3), he was not subject to the protections accorded by Art. 2, § 9 of the Oklahoma Constitution. Mr. Williams had not yet been convicted, nor had punishment been issued through sentencing. Thus, plaintiff's proposed claim would be subject to dismissal, and her request to amend to add a claim under Art. 2, § 9 is therefore futile.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 110) is **denied**.

**SO ORDERED** this 31st day of May, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE