## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

ROBBIE EMERY BURKE, )
)
     **Plaintiff,** )
)
**v.** )    **Case No. 11-CV-720-JED-PJC**
)
STANLEY GLANZ, et al., )
)
     **Defendants.** )

## OPINION AND ORDER

Before the Court is *Plaintiff's Second Motion to Quash Subpoena Issued by Defendant Correctional Healthcare of Oklahoma, Inc. to Collie Trant, M.D.* [Dkt. No. 150]. The motion concerns a Notice of Videotaped Deposition served on Dr. Trant for a deposition originally scheduled for July 15, 2013. Plaintiff contends that Dr. Trant is a non-testifying, consulting expert, and that his deposition necessarily implicates attorney work product; thus, it is prohibited by Fed. R. Civ. P. 26(b)(4)(D). For the reasons set forth below, the Motion to Quash is **DENIED.**

### Applicable Legal Principles

Protection of trial preparation materials is an exception to the rules regarding discovery. Rule 26(b)(3) was added in 1970 making the work-product doctrine an express part of federal discovery rules. Rule 26(b)(4) deals specifically with issues involving expert witnesses. The Rule provides:

*Expert Employed Only for Trial Preparation.* Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:

(**i**) as provided in Rule 35(b); or

(**ii**) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. P. 26(B)(4)(D).

Unlike the attorney-client privilege, which is absolute, whether work-product protection will be afforded depends on the type of material being sought, the reason for its creation and the requesting party's need for it.  Edna Selan Epstein, The Attorney-Client Privilege and the Work-Product Doctrine, vol. 2 at 791-92 [ABA 5th ed.] (hereafter, "Epstein").  When an expert employed in anticipation of litigation is not expected to testify, Rule 26(b)(4)(D)(ii) provides that discovery is only available in "exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means."  Epstein, at 1001-02.

A party invoking work-product protection against discovery must demonstrate the applicability of the protection.  Epstein, at 810.  *See also, ZCT Ststems Group, Inc. v. FlightSafety Intern.,* 2010 WL 1257824, *1 (N.D.Okla. March 26, 2010); *Accounting Principals, Inc. v. Manpower, Inc.,* 2009 WL 2252123, *3 (N.D.Okla. July 28, 2009); *Kannaday v. Ball,* -- F.R.D. --, 2013 WL 1367055, *5

(D.Kan. April 3, 2013); *Ledgin v. Blue Cross and Blue Shield of Kansas City*, 166 F.R.D. 496, 498 (D. Kan. 1996). Work product must be specifically raised and demonstrated, not simply asserted in blanket fashion. Epstein at 810. The party seeking work-product protection must demonstrate that the matter in dispute was prepared in anticipation of litigation. *Id.* at 811. Once a *prima facie* showing of protection has been made, the burden shifts to the party seeking discovery. The discovering party must then show both a substantial need for the material and an inability to obtain the information elsewhere without undue hardship. *Id.*

Work-product protection can be waived through disclosure of protected information. *Original Rex, L.L.C. v. Beautiful Brands Intern., LLC*, 2011 WL 1515689, *1 (N.D.Okla. April 19, 2011) (citing *In re Grand Jury Proceedings*, 616 F.3d 1172, 1184 (10th Cir. 2010).

A party seeking to quash a subpoena duces tecum has a heavy burden in contrast to a party seeking only limited protection. *Management Compensation Group Lee, Inc. v. Oklahoma State University*, 2011 WL 5326262, * 3 (W.D.Okla. Nov. 3, 2011) (quoting *In re Coordinated Pretrial Proceedings in Petroleum Prod. Antitrust Litig.*, 669 F.2d 620, 623 (10th Cir. 1982)).

## Discussion

Questions surrounding claims of work-product protection generally involve critical factual issues as to whether the materials at issue were prepared

at the direction of a party or the party's representative "in anticipation of litigation." Fed. R. Civ. P. 26(b)(3)(A).  The party asserting privilege or protection bears the burden of showing that the protection applies.  *Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir. 1984). Plaintiff must establish that the material in question was prepared in anticipation of litigation or for trial.  The mere fact that litigation ultimately ensues "does not, by itself, cloak materials . . . with the work product privilege; the privilege is not that broad." *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976 (7th Cir. 1996).  (quoting *Binks Mfg. Co. v. Natl. Presto Indus., Inc.*, 709 F.2d 1109, 1118 (7th Cir. 1983).

In order for the Court to make a ruling on the applicability of the work-product doctrine, it must be presented record evidence on which to evaluate the claim.  That means that the party claiming work-product protection must submit evidence supporting its assertion.  There can be no factual analysis of the work-product claim when the proponent offers no evidence to support its assertion.  That is what has happened here.

Plaintiff filed her Second Motion to Quash on July 10, 2013.  Attached to that motion was one exhibit – a copy of the subpoena at issue.  Plaintiff's reply brief likewise contained no evidentiary material to support the work-product claim.  [Dkt. No. 160].  Thus, there is no record evidence to establish that Dr. Trant was retained by Plaintiff, for what purpose or that Dr. Trant took any action in anticipation of litigation.  Plaintiff has offered no affidavits, no

4

contracts, no letter agreements.  Absent such evidence, Plaintiff has failed to meet her evidentiary burden.  There is simply no record evidence from which the Court could find in Plaintiff's favor.  For this reason alone, the Second Motion to Quash must be denied.

However, there are other problems with Plaintiff's motion.  T grounds for Plaintiff's work-product claim is not clear even from her assertions in the briefs. Plaintiff variously states:  Dr. Trant "is an expert with whom *Plaintiff consulted* in her investigation of this case." [Dkt. No. 150, at 2 (emphasis added)].[1]  Dr. Trant was "*employed by Plaintiff solely for trial preparation.*"  [Dkt. No. 150, at 3 (emphasis added)].  Dr. Trant "was *specially employed by Plaintiff's counsel  in anticipation of litigation to perform an autopsy* on the body of Elliott Williams." [*Id.* at 5 (emphasis added)].  Meanwhile, in the First Supplemental Answers and Objections to Defendant's First Set of Interrogatories, Plaintiff states that "*Former trial counsel for the estate* of Mr. Williams retained Collie M. Trant, M.D. . . .  to act as a consulting expert and perform a supplemental private autopsy." [Dkt. No. 151-1, at 4 (emphasis added)].  These statements are at best confusing, even contradictory.

---

[1]     This statement is not without ambiguity. In November 2011, this case was initiated by Elia Patricia Lara-Williams, widow of Eliott Williams.  [Dkt. No. 2]. Five months later, a Second Amended Complaint was filed that named as Plaintiff Robbie Emery Burke, Special Administratrix of the Estate of Elliott Earl Williams.  [Dkt. No. 15].  Thus, the statement that "Plaintiff" consulted Dr. Trant does not make clear *which* Plaintiff retained Dr. Trant, when and for what purpose.

In addition, there is an issue of waiver.  Dr. Trant apparently disclosed some portion of his autopsy findings to the Defendants.  [*See, Id.* at 5 ("Plaintiff subsequently learned that Dr. Trant's identity and a portion of his analysis had previously been disclosed to Defendants.")].  A "Complaint Synopsis," dated March 7, 2011, and authored by Cpl. Billy McKelvey of the Tulsa County Sheriff's Office stated:

> Elliott's remains were turned over to the Oklahoma State Medical Examiner's Office for an autopsy and cause of death.  The Medical Examiner's Office was unable to determine a cause of death and released the remains for burial.  Elliott's family took possession of and had a private autopsy performed by Dr. Colly (sic) Trent (sic).  Dr. Trent (sic) notified the Oklahoma State Medical Examiner's Office of evidence that suggests Elliott sustained a broken neck.  As of the date of this report, such evidence has not been turned over to the Medical Examiner's Office nor has there been an official ruling on the cause of death.

[Dkt. No. 151-1, at 5].

In the same discovery responses referred to above, Plaintiff states:

> To the extent that information was provided to Defendants, any protection provided by Fed.R.Civ.P. 26(b)(4)(D) has been waived.  However, Plaintiff continues to assert that any of Dr. Trant's opinions that have not been disclosed to Defendants (as summarized in the Complaint Synopsis) continue to be protected from disclosure under Fed.R.Civ.P. 26(b)(4)(D).

[*Id.*].

Plaintiff has neither defined the scope of this waiver nor advised the Court when it occurred or under what circumstances.

It is clear that Plaintiff has not met her burden to establish a *prima facie* case for work-product protection.  She has offered the Court absolutely no evidentiary basis to support this motion.  **ACCORDINGLY**, the Motion to Quash is **DENIED**.

**IT IS SO ORDERED** this 5th day of August 2013.

Paul J. Cleary
United States Magistrate Judge