## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ROBBIE EMERY BURKE, Special** | ) | |
| **Administrator of the Estate of** | ) | |
| **Elliott Earl Williams,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 11-CV-720-JED-PJC** |
| | ) | |
| **STANLEY GLANZ, SHERIFF OF** | ) | |
| **TULSA COUNTY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion to Compel Regarding Rule 30(b)(6) Deposition. [Dkt. No. 149]. For the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART.**

Plaintiff brings this action against Defendants alleging cruel and unusual punishment under 42 U.S.C. § 1983 and negligence arising from the treatment, and subsequent death, of Elliott Williams after Williams' arrest and while he was in the custody of the David L. Moss Criminal Justice Center ("Tulsa County Jail"). [*See* Dkt. No. 15]. On or about May 9, 2013, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff served upon Defendants Correctional Healthcare Companies, Inc. ("CHC"), Correctional Healthcare management, Inc. ("CHM"), and Correctional Healthcare Management of Oklahoma, Inc. ("CHMO"), a Notice of Deposition.

1

Exhibit "A" to that Notice sets forth the anticipated Areas of Inquiry.  There are more than 50 Areas of Inquiry, including sub-parts.  [Dkt. No. 149-1, Exhibit "A"].

On May 22, 2013, counsel for Defendants CHC, CHM and CHMO objected to most of the Areas of Inquiry.  In compliance with LCvR37.1, the parties personally met and conferred about the dispute and resolved some of the issues.  Defendants continue to object to Areas 4-9, 14-27, and 30-31. Defendants' objections focus on over-breadth of the topics and relevance. Defendants demand that Plaintiff demonstrate that the designated Areas of Inquiry ("AOI") were reasonably calculated to lead to admissible evidence.

Rule 30(b)(6) offers a mechanism for a party to obtain the testimony of a corporation or other such organization on particular, designated topics.  The corporation designates its spokesperson on those topics.  The designated witness then testifies "as to information known or reasonably available to the organization."  Fed. R. Civ. P. 30(b)(6).

The discovering party must satisfy the general deposition notice requirements of Rule 30(b)(1)-(3).  In addition, the discovering party must "describe with reasonable particularity the matters for examination."  Fed. R. Civ. P. 30(b)(6).  *See, McBride v. Medicalodges, Inc.,* 250 F.R.D. 581, 584 (D. Kan. 2008) (Requesting party must take care to designate, "with painstaking specificity," the particular subject areas that are intended to be questioned).  The description of deposition topics must be specific because the responding organization must

prepare a witness or witnesses on the designated topics.  As with document discovery, a Rule 30(b)(6) notice that uses "omnibus" descriptions such as "concerning" or "relating to" or "referencing" may be found to be unacceptably vague or overbroad.  *See*, *Howard v. Segway*, 2013 WL 869955, *2 (N.D. Okla. March 7, 2013); Judge Paul Cleary, "Some Thoughts on Discovery and Legal Writing," 82 Okla. B. J. 2923 (Dec. 10, 2011).  Use of a phrase such as "including, but not limited to" in a Rule 30(b)(6) notice may cause the notice to be stricken for lack of definiteness.  *Tri-State hosp. Supply Corp. v. U.S.*, 226 F.R.D. 118, 125 (D.D.C. 2005).

Of course, discovery under Rule 30(b)(6) must comport with the general principles outlined in Rule 26(b).  *Eg.*, *U.S. E.E.O.C. v. Source One Staffing, Inc.*, 2013 WL 25033, *3 (N.D. Ill. Jan. 2, 2013); *ICE Corp. v. Hamilton Sundstrand Corp.*, 2007 WL 1732369, *4 (D. Kan. June 11, 2007).  "Relevancy" at the discovery stage is broadly interpreted.  Thus, the Court rejects Defendants' narrow reading of relevancy:

> Plaintiff's claim of deliberate indifference may mandate a showing that a particular policy or practice of deliberate indifference was in effect which placed the inmate at issue at an immediate risk of serious harm.  However, such a showing must be directly related to policies and practices that directly deal with the specific type of injury suffered by the Plaintiff.

[Dkt. No. 159, at 2 (emphasis added)]

Discovery is not necessarily limited to that which is *directly related* to policies that *directly deal* with the *specific type* of injury suffered by Plaintiff.

3

Relevance for purposes of Rule 26 is broader than that.  Limited discovery on AOIs 4, 5, 6, 14, 15, 16, 24, 25, 27, 30 and 31 is permissible.

The Court has reviewed the proposed 30(b)(6) notice and finds that many of the described topics are so broadly worded as to make compliance with the notice unnecessarily burdensome, if not impossible.  For example, AOI No. 7 asks for a witness to be prepared to testify on behalf of Defendants about:

> All audits, surveys, studies, and/or reports regarding medical and/or mental health care provided to inmates at the Tulsa County Jail from 2005 to the present, including, *inter alia*, audits, surveys, studies, and/or reports conducted, created and/or commissioned by U.S. Immigration and Customs Enforcement ("ICE"), Defendant Sheriff Stanley Glanz, TCSO, CHC/CHM/CHMO, BOCC, the Federal Bureau of Investigation ("FBI"), the United States Department of Justice ("DOJ"), Oklahoma State Board of Health, Oklahoma Department of Corrections, external consultants or accrediting bodies (*e.g.*, National Commission on Correctional Health Care ("NCCHC"), American Correctional Association ("ACA"), etc.), newspapers or any other federal or state agency.

[Dkt/ No. 149 at 5-6].

Other AOIs consist of a specific document and "all drafts, amendments, exhibits, supporting documents and all communications in relation thereto." These and many other described topics do not meet the reasonable particularity requirement of Rule 30(b)(6).  Thus, the Court finds that AOIs 7, 8, 9, 17, 18, 19, 20, 21, 22, 23, 26 do not describe the intended topics with reasonable particularity.

Accordingly, the Motion to Compel is **GRANTED IN PART AND DENIED IN PART**.  The motion is **GRANTED** as to AOIs 4, 5, 6, 14, 15, 16, 24,

25, 27, 30 and 31.  The motion is **DENIED** as to AOIs 7, 8, 9, 17, 18, 19, 20, 21, 22, 23, 26 because these topics are not defined with reasonable particularity.[1]

**IT IS SO ORDERED** this 26th day of August 2013.

_____
Paul J. Cleary
United States Magistrate Judge

---

[1]      This does not mean that discovery on these topics is inappropriate, only that the present Notice does not adequately describe the intended area of inquiry.