IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBBIE EMERY BURKE, as the Special Administratrix of Elliott Earl Williams, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11-CV-720-JED-PJC |
| STANLEY GLANZ, et al., | ) ) ) | |
| Defendants. | ) | |

### PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS DEFENDANTS CHC, CHM AND CHMO WITH PREJUDICE

**COMES NOW** Plaintiff, Robbie Emery Burke ("Plaintiff"), as the Special Administratrix of the Estate of Elliot Earl Williams ("Mr. Williams"), and, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, respectfully moves this Court to enter an Order dismissing Defendants Correctional Healthcare Companies, Inc. ("CHC"), Correctional Healthcare Management, Inc. ("CHM") and Correctional Healthcare Management of Oklahoma, Inc. ("CHMO") (hereinafter, collectively referred to as the "CHC Defendants") from this action with prejudice. The Order of dismissal sought by Plaintiff through this Motion would apply only to the CHC Defendants, and would not apply to any of Plaintiff's claims or causes of action brought against any other Defendant. In support of this Motion, Plaintiff shows the Court as follows:

1. On February 6, 2014, Plaintiff entered a Settlement Agreement with the CHC Defendants, settling all of her claims against the CHC Defendants in this case.

2. On February 7, 2014, Magistrate Judge T. Lane Wilson filed a "Settlement Conference Report and Order", notifying the Court and the Non-Settling Parties that the

1

litigation was settled as between Plaintiff and the CHC Defendants. *See* Dkt. #233. The Settlement Conference Report and Order further provides that Plaintiff and the CHC Defendants had forty-five (45) days (from February 7, 2014) in which to file a Stipulation of Dismissal or Journal Entry of Judgment as to the CHC Defendants.

3. On March 6, 2014, counsel for Plaintiff sent an email to counsel for Defendants Stanley Glanz ("Sheriff Glanz"), Jack Wells ("Wells"), Lem Mutii ("Mutii"), Tracy Townsend ("Townsend") and H.D. Pitt ("Pitt") (hereinafter, collectively referred to as the "Non-Settling Parties"),[1] inquiring as to whether the Non-Settling Parties would join a Stipulation of Dismissal with prejudice as to the CHC Defendants. Counsel for the Non-Settling Parties subsequently notified the undersigned that the Non-Settling Parties would *not* join a Stipulation of Dismissal. Thus, Plaintiff was forced to file this Motion.

4. Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the Court considers proper." "'The rule is designed primarily to prevent voluntary dismissals which *unfairly affect* the other side, and to permit the imposition of curative conditions.'" *Brown v. Baeke,* 413 F.3d 1121, 1123 (10th Cir. 2005) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.,* 77 F.3d 354, 357 (10th Cir.1996)). ***"'Absent 'legal prejudice' to the defendant, the district court normally <u>should grant such a dismissal.</u>'"*** *Brown,* 413 F.3d at 1123 (quoting *Ohlander v. Larson,* 114 F.3d 1531, 1537 (10th Cir. 1997)) (emphasis added); *See also Stern v. Barnett,* 452 F.2d 211, 213 (7th Cir. 1971) ("In exercising its discretion the court follows the

---

[1] As a clarification, there are three (3) other Defendants, Earnie Chappell, Julie Hightower and Carmen Luca (hereinafter the "Nurse Defendants") who are not parties to the Settlement Agreement, but who do not oppose this Motion. The Nurse Defendants are the subject of a separate Motion to Dismiss which is pending before the Court. *See* Dkt. #241.

traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice....").

5. "Legal prejudice" is a high hurdle which the Non-Settling Parties cannot clear. Indeed, courts in this Circuit have found no legal prejudice to a defendant even where dismissal was sought for "tactical advantage" or for the purpose of proceeding in state court. *See, e.g., Gassaway v. Kansas Gas Service LLC,* 2013 WL 593662, 2 (D.Kan.2013) ("Despite the potential for forum shopping, the Tenth Circuit has held that insufficient for the court to find prejudice to the defendants."). Nevertheless, Plaintiff seeks no such "tactical advantage" in filing the present Motion.

6. In his Response to Plaintiff's recent Motion to Voluntarily Dismiss the Nurse Defendants (Dkt. #241), Sheriff Glanz asserts that he "objects to the Motion to Dismiss because he is unwilling to risk being precluded from presenting the issue of any defendant's liability to a jury in this matter" and that "such preclusion would operate as a substantial 'legal prejudice' to Defendant Glanz." Dkt. #245 at 2-3. Defendants Wells, Mutii, Townsend and Pitt make an identical argument in their Response to the Motion to Voluntarily Dismiss the Nurse Defendants. *See* Dkt. #246 at 2-3.

7. It is believed that the Non-Settling Parties will assert a similar, if not identical, argument in response in the present Motion.

8. The Non-Settling Parties' assertion of legal prejudice is truly frivolous. The Non-Settling Parties have cited no authority in support of their argument. Of course, there is no authority to support the argument. What the Non-Settling Parties propose is patently absurd. Non-parties to a settlement agreement ***cannot*** prevent dismissal of a settling co-defendant merely because they wish to present the issue of the settling co-

3

defendant's liability to a jury. This is especially true in this case-at-bar as ***none of the Non-Settling Parties has brought any claims against CHC, CHM or CHMO.*** If the Non-Settling Parties were permitted to obstruct dismissal of the CHC Defendants the grounds they propose, "Rule 41(a)(2) would be" rendered "unusable … in cases of partial settlement." *SmithKline Beecham Corp. v. Pentech Pharm., Inc.*, 261 F. Supp. 2d 1002, 1007 (N.D. Ill. 2003). Under the Non-Settling Parties' position, *any* non-settling defendant who might claim a set-off could prevent the dismissal of settling co-defendants in *any* case. Fundamentally, the dismissal of CHC, CHM or CHMO would pose no impediment to the Non-Settling Parties' ability to seek a set-off.[2] There is no legal prejudice.

9. As Seventh Circuit Court of Appeals has reasoned:

> In the context of a partial settlement, Rule 41(a)(2) is usually the mechanism by which the settling defendants are eliminated from the case. It would indeed be incongruous for a non-settling defendant to have any less of a burden in attempting to prevent such a voluntary dismissal than he would if he were the party being dismissed. Therefore, we do not believe that a court should inquire into the propriety of a partial settlement merely upon a showing of factual injury to a non-settling party. Some disadvantage to the remaining defendants is bound to occur and may, in fact, be the motivation behind the settlement. But just as a court has no justification for interfering in the plaintiff's initial choice of the parties it will sue (absent considerations of necessary parties), the court should not intercede in the plaintiff's decision to settle with certain parties, unless a remaining party can demonstrate plain legal prejudice.

*Quad/Graphics, Inc. v. Fass,* 724 F.2d 1230, 1233 (7th Cir. 1983). The Non-Settling Parties can show no plain legal prejudice here. Thus, this Motion to Dismiss should be granted.

---

[2] Although, Plaintiff asserts that Sheriff Glanz, through his Answer, and the testimony of Chief Robinette, has waived any argument that the CHC Defendants are liable in this case.

10. The Tenth Circuit has also identified four non-exclusive factors that should be considered when reviewing a request for voluntary dismissal: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for dismissal; and the present stage of the litigation." *County of Santa Fe, New Mexico v. Public Service Co. of New Mexico,* 311 F.3d 1031, 1048 (10th Cir. 2002). The Court must insure that "substantial justice is accorded to both parties," and this requires the district court to consider the "equities not only facing the defendant, but also those facing the plaintiff." *Brown,* 413 F.3d at 1124. These factors way heavily in favor of dismissal here.

11. <u>First</u>, while it is assumed that the Non-Settling Parties have incurred a significant amount of effort and expense in preparing for trial, dismissal of the CHC Defendants, who are ***co-Defendants***, will not affect or compromise those efforts or expenses in any manner. Importantly, dismissal of these co-Defendants would not impact the current trial setting. Trial is scheduled to begin on July 21, 2014. *See* Fifth Amended Scheduling Order (Dkt. #180). From the beginning of this action, the Non-Settling Parties have been defending themselves through their able counsel. And the Non-Settling Parties will presumably continue their efforts, and will continue incurring expenses, in defending themselves through trial. Dismissal of the CHC Defendants will not impact these efforts or expenses one way or another.

12. <u>Second</u>, there was no excessive delay or lack of diligence on the part of Plaintiff. Plaintiff has sought dismissal within thirty (30) days of the settlement and prior to the forty-five (45) days permitted by the Court. There was no excessive delay or lack of diligence in seeking dismissal of the CHC Defendants.

13. <u>Third,</u> there is a sufficient explanation of the need for dismissal of the CHC Defendants. That is, Plaintiff has settled her claims against the CHC Defendants.

14. <u>Fourth,</u> the present stage of the litigation does not bar dismissal of the CHC Defendants. Once again, trial is currently set for July 21, 2014, over five (5) months from the date of that settlement was announced. The timing of the requested dismissal does not prejudice the Non-Settling Parties.

15. In sum, there is an absence of legal prejudice to the Non-Settling Parties such that the Court should grant this Motion to Voluntarily Dismiss the CHC Defendants.

WHEREFORE, premises considered, Plaintiff respectfully requests that this Court enter an Order dismissing the CHC Defendants from this action with prejudice.

Respectfully submitted,

s/Robert M. Blakemore
Robert M. Blakemore, OBA #18656
bobblakemore@ssrok.com
Daniel Smolen, OBA #19943
danielsmolen@ssrok.com
Donald E. Smolen, II, OBA #19944
donaldsmolen@ssrok.com
Laura M. Lauth, OBA #22619
lauralauth@ssrok.com
701 South Cincinnati Avenue
Tulsa, OK 74119
Phone: (918) 585-2667
Fax: (918) 585-2669

Louis W. Bullock, OBA #1305
lbullock@bullock-blakemore.com
Patricia W. Bullock, OBA #9569
pbullock@bullock-blakemore.com
Bullock, Bullock & Blakemore PLLC
110 West Seventh Street, Suite 707
Tulsa, OK 74119
Phone: (918) 584-2001
Fax: (918) 779-4383

>Gregory J. Denney, OBA #17918
>greg@gregdenneylaw.com
>Carla R. Stinnett, OBA #19523
>carla@gregdenneylaw.com
>Gregory J. Denney & Associates, P.C.
>1204 South Cheyenne Avenue
>Tulsa, Oklahoma 74119
>Phone: (918) 295-0077
>Fax: (918) 295-8578
>
>***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March 2014, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

>s/Robert M. Blakemore