# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROBBIE EMERY BURKE,** as the Special Administratrix of the Estate of Elliott Earl Williams, Deceased )))) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 11-CV-720-JED-PJC |
| ) | |
| **STANLEY GLANZ, SHERIFF OF TULSA COUNTY, et al.,** ))) | |
| ) | |
| **Defendants.** ) | |

## ORDER

The Court has for its consideration two motions: plaintiff's Motion to Voluntarily Dismiss Defendants CHC, CHM and CHMO with Prejudice (Doc. 247) and plaintiff's Motion to Voluntarily Dismiss Defendants Chappell, Hightower and Luca with Prejudice (Doc. 241).[1] Plaintiff seeks dismissal of these settling defendants, but defendants Tracy Townsend, Jack Wells, H.D. Pitt, Lem Mutii, and Sheriff Stanley Glanz (collectively, the "nonsettling defendants") oppose their dismissal (*see* Docs. 245 and 246). The nonsettling defendants argue that they will be prejudiced by the settling defendants' dismissal because they risk not being able to offset the amount of their settlement against any damages that may be awarded against them at trial. For reasons stated herein, their position is without merit and dismissal of the settling defendants will be granted.

---

[1] Plaintiff represents that she has reached a settlement with CHC, CHM, and CHMO, but not defendants Chappell, Hightower, or Luca (the "nurse defendants"). She states that the nurse defendants are being dismissed to facilitate a settlement with CHC, CHM, and CHMO. Nevertheless, the Court will refer collectively to the defendants for whom dismissal has been requested as the "settling defendants."

Federal Rule of Civil Procedure 41 governs voluntary dismissals. It provides that, at this stage of the proceeding, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996)). As such, "[a]bsent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." *Id.* (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)). In considering whether legal prejudice is present, the Court considers factors such as whether the opposing party will suffer increased effort and expense preparing for trial; whether there has been excessive delay or a lack of diligence by the movant; whether there is a lack of sufficient explanation for dismissal; and the present stage of the proceeding. *Id*. These factors are "neither exhaustive nor conclusive" and the Court must view the equities of the situation as it relates to both parties. *Id*. at 1124.

The only prejudice urged by the nonsettling defendants that will purportedly result from the settling defendants' dismissal is that the nonsettling defendants "risk being precluded from presenting the issue of any defendants [sic] liability to a jury in this matter." (Doc. 245 at 2-3 and 246 at 3). They premise this argument upon an Oklahoma Court of Appeals opinion in which the court held that a settling defendant's liability must still be submitted to a jury in order for a nonsettling defendant to receive an offset against any damages a jury may award at trial. *See Pain v. Simms*, 283 P.3d 343, 346 (Okla. Civ. App. 2012). Putting aside the obvious issues

related to the potential application of state law to plaintiff's Section 1983 claims[2], the defendants cite no authority which suggests that the principle announced in *Pain* would preclude dismissal of the settling defendants or that their dismissal would preclude presentation of the settling defendants' liability to a jury. In the absence of such authority, the Court cannot say that the nonsettling defendants will be prejudiced by dismissal of the settling defendants. If the liability of the settling defendants is presented to the jury, the issue of offset will be addressed at an appropriate time; *i.e.*, post-judgment, if that time comes.[3] Moreover, the nonsettling defendants have not alleged any affirmative cross or third-party claims against the settling defendants which would militate against their dismissal. As to the other relevant factors, it does not appear that dismissal of the settling defendants would result in any increased cost or effort, nor has there been any excessive delay or a lack of diligence on the part of plaintiff in seeking their dismissal. In addition, plaintiff's motion was filed well in advance of trial. In light of the above factors, the Court concludes that no legal prejudice would result to the nonsettling defendants if the settling defendants are dismissed from this action.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Voluntarily Dismiss Defendants CHC, CHM and CHMO with Prejudice (Doc. 247) and plaintiff's Motion to

---

[2] The parties do not discuss this somewhat complicated issue of whether state law regarding offset can be applied in a case such as this, which arises from federal civil rights law. *See Goad v. Macon Cnty., Tenn.*, 730 F. Supp. 1425, 1430 (M.D. Tenn. 1989) (discussing extensively offset in civil rights cases and the process by which state law may, if appropriate, be applied in a case such as this). The Court need not cross this bridge at this time, but notes that the nonsettling defendants will not be deemed to have waived presentation of the issue of the settling defendants' liability to the jury simply as a result of the settling defendants' dismissal.

[3] Plaintiff alludes to the fact that she believes Glanz, through his Answer (Doc. 22) and Chief Robinette's testimony, has waived the right to assert liability of the settling defendants. While the Court does not have the referenced testimony before it, it does not appear from Glanz's Answer that any such defense has been waived. (*See id.* at 8 (listing as an affirmative defense that the "injuries and damages alleged by the Plaintiff are the result of the actions by others and Glanz is not responsible for those actions by other people")).

4

Voluntarily Dismiss Defendants Chappell, Hightower and Luca with Prejudice (Doc. 241) are both **granted**.

Defendants Correctional Healthcare Management of Oklahoma, Inc., Correctional Healthcare Companies, Inc., Correctional Healthcare Management, Inc., Earnie Chappell, Carmen Luca, and Julie Hightower are **dismissed with prejudice**, as requested by plaintiff.

**IT IS FURTHER ORDERED** that the pending motions filed on behalf of the settling defendants (Docs. 211, 212, 213, 214, 215, and 216) are hereby **moot**.

**SO ORDERED** this 3rd day of September, 2014.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE