**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROBBIE EMERY BURKE, <br> as the Special Administratrix of the Estate of <br> Elliott Earl Williams, Deceased, <br> <br>       Plaintiff, <br> <br> v. <br> <br> STANLEY GLANZ, in his individual capacity, <br> And VIC REGALADO, in his official capacity, <br> <br>       Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 11-CV-720-JED-PJC <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND
EXPENSES**

**COMES NOW,** the Plaintiff Robbie Emery Burke ("Plaintiff"), as the Special Administratrix of the Estate of Elliott Earl Williams, Deceased ("Mr. Williams"), and, pursuant to 42 U.S.C. § 1988, Rule 54 of the Federal Rules of Civil Procedure and LCvR54.2, respectfully moves the Court to enter an Order awarding her reasonable attorney's fees and expenses as set forth herein. In support of this Motion, Plaintiff shows the Court the following:

## Introduction

Plaintiff initially filed this action on November 17, 2011. Plaintiff brought this action to obtain some level of justice for egregious and repeated violations of Mr. Williams' Constitutional right to be free from cruel and unusual punishment. Plaintiff brought claims against Defendant Stanley Glanz ("Former Sheriff Glanz" or "Glanz"), in his individual capacity (under the supervisor liability doctrine), and the Tulsa

County Sheriff, in his official capacity (analyzed under the municipal liability doctrine). All of these claims stem from the promulgation, implementation, and/or maintenance of policies, practices and/or customs that deprived Mr. Williams of his federally protected rights and led to his unnecessary, prolonged and painful death.

This matter was tried -- on Plaintiff's constitutional claims, brought pursuant to 42 U.S.C. § 1983 -- on February 23, 24, 27, 28 and March 1, 2, 3, 6, 7, 8, 9, 10, 13, 14, 15, 16, 17, 2017. After deliberating, the jury entered a verdict in favor of Plaintiff and against Defendants on March 20, 2017. *See* Dkt. #498.

On March 22, the Court entered its final Judgment as follows:

> In accordance with the jury's verdict (Doc. 498), final judgment is hereby entered in favor of plaintiff, Robbie Emery Burke, as the Special Administrator of the Estate of Elliott Earl Williams, and against defendants, Stanley Glanz, in his individual capacity and Vic Regalado, in his official capacity as the Tulsa County Sheriff, in the amount of $10,000,000.00 in compensatory damages, and against defendant Stanly Glanz, in his individual capacity, in the amount of $250,000.00 in punitive damages, for a total award of $10,250,000.00 in favor of the plaintiff. The total award shall accrue post-judgment interest at the rate of 1.03% per year pursuant to 28 U.S.C. § 1961.

Dkt. #499.

This was a landmark verdict in a civil rights case of great public importance, and an overwhelming victory for Plaintiff. However, the journey to that point was wrought with obstacles at every turn. Plaintiff struggled ***for years*** to have Mr. Williams' story told and to secure a remedy for the Estate. Defendants aggressively fought Plaintiff every step of the way, refusing to acknowledge any responsibility for the unfathomable mistreatment of Mr. Williams. Defendants took this case all the way to trial without an inkling of introspection or compunction. At the end of that hard-fought road was vindication. Now, Plaintiff seeks to recover an award of attorneys and expenses for the Estate necessarily incurred in this litigation.

**Discussion**

A. **Plaintiff is Entitled to an Award of Reasonable Attorney's Fees as She is the "Prevailing Party"**

In pertinent part, 42 U.S.C. § 1988(b) provides that "[i]n any action or proceeding to enforce a provision of section[] … 1983 … of this title … the court, in its discretion, may allow the prevailing party … a reasonable attorney's fee as part of the costs…."

The "ordinary language" of § 1988 "requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." *Hewitt v. Helms,* 482 U.S. 755, 760 (1987). In *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources,* 532 U.S. 598, 604 (2001), the Supreme Court held that in order to "prevail" for the purposes of an award of attorneys fees, the plaintiff must achieve some "'material alteration of the legal relationship of the parties'" or a "court ordered 'chang[e][in] the legal relationship between [the plaintiff] and the defendant.'" (quoting *Tex. State Teachers Ass'n v. Garland Indep. School Dist.,* 489 U.S. 782, 792 (1989)). As examples, the Court pointed to "enforceable judgments on the merits and court- ordered consent decrees" as creating the necessary "material alteration" to render a plaintiff the "prevailing party." *Buckhannon,* 532 U.S. at 604.

The Supreme Court has determined that "even an award of nominal damages suffices under this test." *Buckhannon,* 532 U.S. at 603-04 (citing *Farrar v. Hobby,* 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)).

"Although the power to award … fees is discretionary, that discretion is narrow once a civil rights plaintiff demonstrates that he is a 'prevailing party.'"

3

*Robinson v. City of Edmond,* 160 F.3d 1275, 1280 (10th Cir. 1998) (citing *Phelps v. Hamilton,* 120 F.3d 1126, 1129 (10th Cir.1997)). "[T]he plaintiff **ordinarily should <u>not</u>** have his vindication of these [civil] rights eviscerated by an obligation to pay his attorney's reasonable fees." *Robinson,* 160 F.3d at 1280 (emphasis added). Indeed, the United States Supreme Court has held that "[i]f a plaintiff prevails in a suit covered by § 1988, ***fees should be awarded as costs unless special circumstances would render such an award unjust.***" *Kentucky v. Graham,* 473 U.S. 159, 164 (1985) (emphasis added).

Here, for the purposes of § 1988, Plaintiff is clearly the "prevailing party" as she obtained a judgment on the merits and an award of compensatory damages well in excess of a nominal amount. *See, e.g., Autumn Wood Farms, LLC v. Bynum,* 2015 OK CIV APP 90, ¶ 9, 361 P.3d 540, 543 the amount awarded as nominal damages"). Indeed, the verdict in this case is believed to be one of the largest awards of non-economic damages in Oklahoma history. Plaintiff not only prevailed, she achieved excellent results. Thus, Plaintiff is entitled to an award of reasonable fees.

**B.  The Attorney's Fees Sought by Plaintiff Are Reasonable**

In determining the reasonableness of a fee request, the Court should first calculate the "lodestar amount" of the fee. *See Robinson,* 160 F.3d at 1281 (citations omitted). "The lodestar calculation is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'" *Id.* "'Once an applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be a reasonable fee as contemplated by Section 1988.'" *Id.* (internal quotation from *Cooper v. Utah,* 894 F.2d 1169, 1171 (10th Cir. 1990)).

### 1.     The Hours "Reasonably Expended"

Through the filing of this Motion, attorneys on behalf of Plaintiff have reasonably expended the hours set forth in the attached exhibits for which compensation is requested. *See* Exs. 1 (SSR Time Records), 2 (Bullock Time Records), 3 (Mortensen Time Records) and 4 (Denney Time Records). *See also Exs. 5, 6, 7* and 3 (Attorney Affidavits). The time expended by each of Plaintiff's attorneys is detailed in the attached records. The attached time records are meticulous. Plaintiff's counsel avoided "block billing" to enable the Court to evaluate the reasonableness of the time expended on each specific task.

The time for which an award is sought is hard billable time, reasonably expended on matters and activities, which are compensable. *See Ramos v. Lamm,* 713 F.2d 546, 553 (10th Cir. 1983), *disapproved of on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 483 U.S. 711 (1987).

### 2.     Reasonable Hourly Rates

In setting the hourly rate, the Court must determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time. *See Ramos,* 713 F.2d at 555. A reasonable fee in civil rights cases is calculated according to prevailing market rates. *See Blum v. Stenson,* 465 U.S. 886, 895 (1984). In setting an hourly rate, a court should establish, from information provided to it and from its own analysis of the level of performance and skills of each lawyer whose work is to be compensated, a billing rate for each lawyer based upon the norm for comparable lawyers in private firms. *Ramos,* 713 F.2d at *555.*

Moreover, it is well established that that **current** hourly rates, rather than adjusted historic rates, should be used to compensate for delays in payment. *Id.*

Here, Plaintiff seeks reasonable hourly rates for her attorneys as follows:

| | |
|---|---|
| Daniel Smolen | $400 |
| Donald Smolen | $400 |
| Bob Blakemore | $300 |
| Louis Bullock | $350 |
| Patricia Bullock | $300 |
| T. Mortensen | $325 |
| Greg Denney | $300 |

Plaintiff asserts that these are eminently reasonable market rates based upon the level of experience and skill of each attorney and rates which are paid to other lawyers of similar experience and skill. *See, e.g., Exs. 5*, 6, 7 and 3 (Attorney Affidavits).

**C.     Plaintiff is Entitled to an Award of Reasonable Expenses**

Reasonable expenses incurred in representing a client in a civil rights case, other than expenses awarded as costs under 28 U.S.C. § 1920, generally should be included in an award of attorney fees under § 1988. Such expenses may be awarded if they are the type of expenses usually billed in addition to the attorney's hourly rate. *Case v. Unified School Dist. No. 233, Johnson County, Kan.,* 157 F.3d 1243, 1257 (10th Cir.1998).

Here, Plaintiff also seeks recovery of reasonable expenses, which are fully compensable, as the type of expenses usually billed in addition to the attorney's hourly rate. Plaintiff's requested expenses are set out and detailed in attached exhibits (Lamberton Invoice (Ex. 8) and Aleman Invoice (Ex. 9)). These are expenses which attorneys in this community typically bill to clients.

First, Simon Aleman provided Plaintiff with technical assistance with document management and visual presentation equipment during the trial. And Jeremy Lamberton provided Plaintiff with video editing services with respect to the Jail videos. Courts have found both types of expenses to be reasonable. *See, e.g., POM Wonderful LLC v. Ocean Spray Cranberries,* Inc., Civ. No. 09–565 DDP RZx, 2012 WL 4936470, at

*1 (C.D.Cal. Oct. 17, 2012) (allowing prevailing defendant to recover costs incurred for trial presentation expenses); *Deocampo v. Potts,* No. CIV. 2:06-1283 WBS, 2014 WL 788429, at *13 (E.D. Cal. Feb. 25, 2014) (same); *Rocky Mountain Christian Church v. Bd. Of Cty. Comm'rs Of Boulder Cty., Colo,* No. 06-CV-00554-REB-BNB, 2010 WL 148289, at *7 (D. Colo. Jan. 11, 2010) (assessing "46,595 dollars for video services and costs of electronic trial presentations" under Section 1988).

The fees charged by Aleman and Lamberton are reasonable, and, particularly in the modern age of electronic media, are of the type of expenses typically charged to clients. These expenses should be awarded here.

WHEREFORE, premises considered, Plaintiff seeks an award of attorneys fees and expenses as follows:

| | |
|---|---|
| Smolen & Roytman | $784,530.00 |
| Bullock Law Firm: | $492,800.58 |
| Thomas Mortensen: | $103,215.00 |
| Greg Denney Law: | $90,600.00 |
| Simon Aleman | $47,950.00 |
| Jeremy Lamberton | $2,500.00 |
| **Total Fees and Expenses:** | $1,521,595.58 |

Respectfully submitted,

/s/Robert M. Blakemore
Daniel E. Smolen, OBA #19943
danielsmolen@ssrok.com

7

Robert M. Blakemore, OBA #18656
bobblakemore@ssrok.com
Smolen Smolen & Roytman 701 South
Cincinnati Avenue Tulsa, OK 74119
Phone: (918) 585-2667
Fax: (918) 585-2669

Louis W. Bullock, OBA #1305
lbullock@bullock-blakemore.com
Patricia W. Bullock, OBA #9569
pbullock@bullock-blakemore.com
Bullock Law Firm
110 West Seventh Street, Suite 707
Tulsa, OK 74119
Phone: (918) 584-2001
Fax: (918) 779-4383

Gregory J. Denney, OBA #17918
greg@gregdenneylaw.com
Gregory J. Denney & Associates, P.C.
1204 South Cheyenne Avenue
Tulsa, Oklahoma 74119
Phone:  (918) 295-0077

Thomas A. Mortensen, OBA #19183
tmort70@hotmail.com
1331 South Denver Avenue
Tulsa, OK 74119
Phone: (918) 392-9992
Fax: (918) 392-9993

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that on this 28th day of July 2017, a true and correct copy of the above and below was electronically transmitted to the Clerk of the Court using ECF System for filing with the Court and service upon all ECF-registered counsel of record.

/s/Robert M. Blakemore