**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROBBIE EMERY BURKE, as the Special Administratrix of the Estate of Elliott Earl Williams, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>STANLEY GLANZ, *et al.,*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 11-CV-720-JED-PJC<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S REPLY TO DEFENDANTS' "RESPONSE IN OBJECTION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES"**

**COMES NOW** the Plaintiff, Robbie Emery Burke ("Plaintiff" or "Ms. Burke"), as the Special Administratrix of the Estate of Elliott Earl Williams ("Mr. Williams"), and respectfully submits her Reply to Defendants' Response in Objection to Plaintiff's Motion for Attorney's Fees and Expenses (Dkt. #551) ("Response"), as follows:

**A.   DEFENDANTS DO NOT CONTEST THAT PLAINTIFF IS THE PREVAILING PARTY**

As stated in Plaintiff's Motion for Attorney's Fees and Expenses, "for the purposes of [42 U.S.C.] § 1988, Plaintiff is clearly the 'prevailing party' as she obtained a judgment on the merits and an award of compensatory damages well in excess of a nominal amount." Dkt. #543 at 4.  In their Response, Defendants do not contest that Plaintiff is the prevailing party.  Thus, it is undisputed that Plaintiff is entitled to an award of attorney's fees.  *See, e.g., Kentucky v. Graham,* 473 U.S. 159, 164 (1985).  The only question remaining for the Court is the *amount* of fees that should be awarded.[1]

---

[1]   Defendants' Response does contain a lengthy section titled, "Procedural Summary".  *See* Dkt. #551 at 1-5.  Particularly considering the fact that Defendants do not

1

    **B.**    **THE HOURLY RATES REQUESTED ARE CONSISTENT WITH RATES BILLED BY LAWYERS OF COMPARABLE SKILL AND EXPERIENCE PRACTICING IN THE LOCAL MARKET**

Defendants assert that Plaintiff has failed to establish a basis for the hourly rates requested. On the contrary, the hourly rates requested are reasonable market rates for lawyers of similar experience, reputation and skill. Each of Plaintiff's attorneys is well known to the Court, and the Court is fully capable of making a determination of the reasonableness of the rates sought. *See, e.g., Smith v. Freeman,* 921 F.2d 1120, 1122 (10th Cir. 1990) (noting that "[t]he establishment of hourly rates in awarding attorneys' fees is within the discretion of the trial judge who is familiar with the case and the prevailing rates in the area" (citation and internal quotation marks omitted) and that "[a] district judge can 'turn to her own knowledge' to supplement the evidence.") (quoting *Bee v. Greaves,* 910 F.2d 686, 689 n. 4. (10th Cir. 1990)). To the extent that the Court needs further assistance in determining reasonable market rates, Plaintiff would be pleased to appear for hearing and present expert testimony, from local attorney Dennis Caruso, concerning local market rates.[2]

    **C.**    **THE REQUESTED NUMBER OF ATTORNEY HOURS IS REASONABLE**

---

contest Plaintiff's "prevailing party" status, the "Procedural Summary" is largely unnecessary. The "Procedural Summary" also contains argument concerning the scope of Plaintiff's claims. *Id.* at 3. The Court will recognize this argument as similar to those raised in Defendants' Defendants' Motion for Judgment as a Matter of Law or Alternatively Motion for Remittitur of Punitive Damages ("Motion for JNOV") (Dkt. #511). Plaintiff has extensively responded to those arguments in other filings. See, e.g., Dkt. ## 522, 531 and 531-1. She will not repeat those arguments here as they distract from the issues involving attorney's fees and expenses.

[2]    Plaintiff does acknowledge the fee amount is miscalculated based on a discrepancy between the hourly rate for Mr. Bullock and Mr. Mortensen as sought in the Motion versus the hourly rate used in the calculation. The fee should be calculated based on the lower hourly rates of $350 and $325, respectively, as stated in the Motion itself.

To determine whether a reasonable number of hours were expended, the Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment. *See Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998). Therefore, counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Case,* 157 F.3d at 1250. "'In determining what is a reasonable time in which to perform a given task,' an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) 'the potential duplication of services' caused by the presence of multiple attorneys when one would suffice." *Reg'l Dist. Council v. Mile High Rodbusters, Inc.,* 82 F. Supp. 3d 1235, 1245–46 (D. Colo. 2015) (internal quotations from *Ramos v. Lamm,* 713 F.2d 546, 554 (10th Cir.1983) (overruled on other grounds by *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 483 U.S. 711, 725, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987)).

First, the attorneys exercised billing judgment, and this is demonstrated the detailed time entries, which provide the Court with ample description of the time spent on each task. And while Defendants wish assail the number of hours billed, this Court must consider the complexity of the case and the responses necessitated by the maneuvering of the other side. Undeniably, this was a complex case involving thousands of pages of documents, a multitude of witnesses and difficult legal theories (including, Plaintiff's successful "*Monell*" theory). Moreover, the case was hard fought, and contentious, with

Defendants fighting Plaintiff every step of the way through trial. Each step along the way, Plaintiff was required to respond appropriately to the maneuvering of the other side.

Further, it is well established that "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart,* 461 U.S. 424, 435 (1983). Plaintiff clearly achieved "excellent results" here. The verdict in this case ($10.25 million) is believed to be the largest such verdict ever entered against Tulsa County. More generally, it is one of the largest wrongful death verdicts in Oklahoma history.

Considering all of these factors, the number of hours and the amount of the fee ($1,473,268.08)[3] sought is eminently reasonable.

Nonetheless, Defendants argue that the hours sought by Plaintiff's counsel should be drastically reduced on several grounds. *See, e.g.,* Dkt. #551 at 11-18. These arguments lack merit and should be rejected.

### 1. The Time Billed Relating to Other Defendants Should Not be Reduced

Defendants Glanz and Regalado first propose "a 50% reduction in the total number of hours prior to the time" that the other Defendants were dismissed from this action. *See, e.g.,* Dkt. #551 at 11-12. The most significant Defendant dismissed from this action was Correctional Healthcare Companies, Inc. ("CHC"), after Plaintiff settled her claims against the CHC Defendants. And her claims were dismissed against the Owasso Defendants on a motion for summary judgment. "A prevailing litigant may not recover for hours devoted solely to claims against other parties ..., [b]ut when claims against multiple parties share a 'common core of facts' or 'related legal theories,' a fee applicant

---

[3] The total fee amount sought is approximately 14% of the judgment.

may claim all hours reasonably necessary to litigate those issues." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 327 (5th Cir. 1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434–35 (1983)); *see also Stevenson v. Lasalle Corr. Transp., LLC,* No. 3:13-CV-2105-N, 2015 WL 11120525, at *3 (N.D. Tex. Apr. 21, 2015); *Bustamante v.Albuquerque Police Dep't,* No. CIV 88-0672-JP, 1991 WL 125307, at *5 (D.N.M. Apr. 24, 1991); *Mary Beth G. v. City of Chicago,* 723 F.2d 1263, 1280–1281 (7th Cir.1983).

Here, Plaintiff's claims against all Defendants, and particularly the primary Defendants (Glanz, Regalado and CHC), plainly involved a "common core of facts" and "related legal theories." Indeed, had CHC stayed in the case, there would have been virtually no difference in the evidence that Plaintiff put on at trial. ***All*** of the claims against the TCSO and CHC Defendants involved allegations concerning the Jail's unconstitutional health care delivery system and deliberate indifference to Mr. Williams' serious health care needs. As such, Plaintiff is entitled to a fully compensatory fee despite the dismissal of certain parties.

    **2.**    **Don and Dan Smolen's Billing Should Not be Reduced as Duplicative and Identical**

The time billed by Dan and Don Smolen is entirely reasonable considering their immense contributions to the successful litigation of this case. Defendants propose a 50% reduction of their time for identical entries. However, Don Smolen billed significantly less time than Dan Smolen, accurately representing the respective time that each spent on the case. The reduction proposed by Defendants is draconian and unwarranted.

    **3.**    **Tom Mortensen's Application Should Not be Denied in its Entirety**

Defendants further ask this Court to disallow Mr. Mortensen's fee application in

its entirety. Again, as with the Smolen brothers, Mr. Mortensen's hours are reasonable given his tireless work at trial (as the Court observed), and his invaluable assistance in trial preparation (including trial strategy, witness preparation and jury selection). The hours billed by Mr. Mortensen are reasonable and should not be reduced, let alone disallowed.

### 4. Mr. Bullock's Trial Time Should be Awarded

As this Court is aware, Louis Bullock is one of the most skilled, accomplished and experienced civil rights attorneys in the history of this state. Mr. Bullock's observations and suggestions during trial were helpful and important to the successful outcome. His trial time should not be disallowed or reduced.

### 5. Greg Denney's Trial Time Should Not be Disallowed

Mr. Denney is an experienced trial lawyer who has been involved in this action since its inception. It was entirely reasonable for Mr. Denney to attend the trial and assist with trial strategy. His trial time should not be disallowed or reduced.

### 6. Time for Contracting Should not be Disallowed

Time billed for contracting with the clients and fee arrangements should not be disallowed as lawyers in this community routinely bill for such matters.

### 7. The Time Billed for Drafting the Complaint, in Preparation for Mediation and Drafting the Joint Status Report Was Not Unreasonable

Lastly, there is nothing unreasonable about the amount of time billed for the Complaint or preparation for mediation or joint status report, especially in light of the complexity of the case and excellent results obtained.

WHEREFORE, premises considered, Plaintiff's Motion for Attorney Fees and

Expenses should be granted over Defendants' objections.

Respectfully submitted,

/s/Robert M. Blakemore
Daniel E. Smolen, OBA #19943
danielsmolen@ssrok.com
Robert M. Blakemore, OBA #18656
bobblakemore@ssrok.com
Smolen Smolen & Roytman
701 South Cincinnati Avenue
Tulsa, OK 74119
Phone: (918) 585-2667
Fax: (918) 585-2669

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that on this 6th day of October 2017, a true and correct copy of the above and below was electronically transmitted to the Clerk of the Court using ECF System for filing with the Court and service upon all ECF-registered counsel of record.

/s/Robert M. Blakemore